## THIRD DEPARTMENT, DECEMBER, 1975

### (December 4, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS M. SACCOCCIE, Also Known as FRANK SACCO, Appellant.—Appeal from a judgment of the County Court of Greene County, rendered December 17, 1974, upon a verdict convicting defendant of the crimes of criminally selling a

dangerous drug, third degree, in violation of section 220.35 of the Penal Law, and criminal possession of a dangerous drug in violation of section 220.15 of the Penal Law. On this appeal, defendant first contends that he was denied a speedy trial. Under CPL 30.30 (subd 1, par [a]) a motion to dismiss an indictment must be granted where "the people are not ready for trial within * * * six months of the commencement of a criminal action". Defendant was indicted on September 28, 1973 and arraigned on October 4, 1973. Defense counsel requested additional time to make motions, as a result of which the case could not be tried at the November, 1973 term. The prosecutor marked the case as "ready" for trial at the February, 1974 and June, 1974 terms and the trial was held at the next term of the Greene County Court in November, 1974. No other trial terms were held. Since the People were ready for trial within six months, we must determine whether any subsequent delay entitles defendant to dismissal for having been denied the right to a speedy trial. (CPL 30.20, 210.20, subd 1, par [g].) We have examined the record and conclude that there is no evidence of delay on the part of the People such as to require the reversal of this conviction. The record reveals that there was considerable calendar congestion at both the February, 1974 and June, 1974 terms, and this is a factor entitled to some weight in examining the reason for delay. Moreover, defense counsel was away on vacation during part of the February, 1974 term. Since delays up until the June, 1974 term were partly attributable to defendant's counsel we are left only with the delay from June, 1974 to November, 1974. This delay was attributable to calendar congestion, and under all the circumstances we find no unreasonable delay as to constitute a denial of the constitutionally protected right to a prompt trial. Nor was there any evidence of prejudice shown against the defendant by virtue of the delay. Furthermore, we find no merit in defendant's other contentions. Judgment affirmed. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.