■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BURROWS, Appellant.—Case held, decision reserved and matter remitted to County Court, Jefferson County, for further proceedings in accordance with the following memorandum: The initial issue in this appeal is whether defendant's motion to dismiss the indictment on the ground that the People were not ready for trial within six months, should have been granted pursuant to CPL 30.30. The action was commenced on February 5, 1974 by the filing of a felony complaint (CPL 1.20, subd 17; *People v Sturgis,* 38 NY2d 625, 627). The defendant was then in custody for unrelated charges in another jurisdiction and there is no indication of any local criminal court proceeding with respect to the present charges. Defendant was indicted and arraigned in May, 1974. His present attorney appeared with him at the arraignment and requested to be assigned to represent him. That request was refused and the court assigned another attorney the following day. Sometime thereafter, defendant retained his present attorney. However, neither the court nor the District Attorney knew of that relationship until defendant moved to dismiss the indictment on December 23, 1974. Nor was the assigned attorney aware that he had been replaced until December 30, 1974. The court denied defendant's motion without a hearing "in view of the unusual circumstances regarding attorneys" and because the defendant had been confined elsewhere since the commencement of the action and had not been jeopardized. The denial of the motion prevented the defendant from proving, as he must, that the People were not "ready for trial" within the specified time (CPL 30.30, subd 1, par [a]; CPL 210.45, subd 7) and eliminated any need for the District Attorney to show that the delay or some portion of it might be excluded pursuant to the provisions of CPL 30.30 (subd 4, pars [a]–[g]). There may, for example, be a basis for the exclusion of some period of time pursuant to CPL 30.30 (subd 4, par [b]) on the ground that defendant's assigned counsel consented to the delay. In fact, the court adjourned the motion to arrange for his testimony but it was never obtained. Additionally, some portion of the delay may, on a proper showing, be excluded in view of the pendency of other charges and defendant's detention in another jurisdiction (CPL 30.30, subd 4, pars [a] or [e]) or because it was attributable to the unavailability of judicial resources (see *People ex rel. Franklin v Warden, Brooklyn House of Detention for Men,* 31 NY2d 498;

*People v Saccoccie,* 50 AD2d 946). The present record, however, is not sufficiently complete to permit a proper review. A hearing should be held and a determination made as to whether the People were ready for trial and, if not, any period is excludable from the time in which the People should have been ready (see *People v McLaurin,* 38 NY2d 123; *People v Goodman,* 44 AD2d 862). Defendant's second contention relates to the denial of his motion to suppress the identification testimony. The display of a single photograph, which depicted only the defendant, to the identifying witnesses, coupled with the detective's suggestive comments to at least two of the witnesses and the exhibition of the photograph to those same two witnesses at the same time, constitutes an impermissible identification procedure (see *Simmons v United States,* 390 US 377, 383; see, also, *Matter of James H.,* 34 NY2d 814; cf. *People v Rahming,* 26 NY2d 411, 416). Once such impropriety is established, the burden is on the People to "show by clear and convincing evidence that regardless of the improper procedures an in-court identification has an independent basis and would not, therefore, be tainted" *(People v Sutton,* 47 AD2d 455, 460). The absence of the testimony of the identifying witnesses at the hearing made it impossible for the court to determine that the People had met their burden *(People v Rahming, supra,* p 417). Indeed, the identification witnesses did not testify at the trial, since it was aborted by defendant's guilty plea (cf. *People v Rahming, supra,* dissenting opn pp 423–424). Although the court failed to make findings of fact and conclusions of law as mandated by CPL 710.60 (subd 6), that omission is not fatal where there has been a full and fair hearing. In such instances this court may take the appropriate action *(People v Russo,* 45 AD2d 1040). Here, however, the record is incomplete and we are unable to do so. Accordingly, our determination of this issue is also withheld. In the event that the defendant's motion pursuant to CPL 30.30 is denied, a full hearing should be held and findings made with respect to this issue (see *People v Rahming, supra;* see, also, *People v Williams,* 46 AD2d 727). We have considered defendant's remaining point on this appeal and have found it to be without merit. (Appeal from judgment of Jefferson County Court convicting defendant of robbery, third degree, and assault, second degree.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.