■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROGERS, Appellant. — Appeal from a judgment of the County Court of Albany County, rendered March 13, 1980, convicting defendant upon his plea of guilty of the crime of murder in the second degree. The record reveals that during an investigation of a robbery that occurred at approximately 9:00 A.M. on October 21, 1979, an alleged witness to the robbery viewed an array of 10 photographs at about 7:00 P.M. of the same day and chose defendant's photograph as depicting the perpetrator of the crime; that earlier in the day this witness was unable to select defendant's photograph from this same array; and that, after originally failing to choose defendant's picture, the witness had allegedly observed defendant near the scene of the robbery. The record also reveals that after the witness chose defendant's picture, defendant was brought to the police station and placed in a room with a one-way mirror occupied only by defendant and the police officer who had earlier spoken to the witness and that the witness, upon observing defendant through the one-way mirror, identified him as the perpetrator. Defendant was charged in an indictment with murder in the second degree and robbery in the first degree. A motion was made by defendant to suppress in-court identification of defendant by the witness. Following a hearing, the motion was denied and thereafter defendant entered a plea of guilty of murder in the second degree in full satisfaction of the indictment. On this appeal, defendant initially argues that the trial court erred in failing to suppress the in-court identification of defendant by the witness in question. In our view, the showup identification of defendant by the witness at the police station violated due process of law even though the prior photograph selection process appears to have been proper *(People v Rahming,* 26 NY2d 411). The showup occurred after another witness had identified defendant as the perpetrator and no exigent circumstances appear in the record to justify a showup (see *People v Mercado,* 63 AD2d 720). The improper showup having been established, the burden was then on the prosecution to establish by clear and convincing evidence that an in-court identification would have an independent basis not tainted by the improper pretrial showup *(People v Rahming, supra; People v Burrows,* 53 AD2d 1038). The witness in question, however, did not testify at the suppression hearing. Consequently, the trial court was unable to determine if the witness had an independent basis for identifying defendant at trial and the incompleteness of the record precludes a determination. by this court on that issue (see *People v Dolphin,* 77 AD2d 571; *People v Burrows, supra).* Accordingly, we will withhold our decision and remit the matter to the County Court for a full suppression hearing and a determination of the issue of whether the witness in question had an independent basis for identifying defendant at trial. In view of this conclusion, we will not now consider defendant's remaining contention that the sentence imposed was unduly harsh and excessive. Decision withheld and matter remitted to the Albany County Court for further proceedings not inconsistent herewith. Sweeney, J.P., Main and Mikoll, JJ., concur.

Yesawich, Jr., and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). The majority concede that the prior photograph selection process was proper and thus supports the trial court's finding that an in-court identification could be made. Under such circumstances, the showup, while not justified, is mere surplusage and would not be required to sustain the defendant's conviction if the matter was tried. The judgment should be affirmed.