■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL HIGGS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered July 27, 1982, convicting him of attempted robbery in the first degree (three counts), attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress identification testimony.

Judgment affirmed.

On May 31, 1981, at 9:30 A.M., the complainant, while chasing two men down the street, yelled to a police officer on foot patrol that "the two guys running up the block have a gun, and they just attempted to stick me up". The police officer immediately took chase, and quickly apprehended the two men, who had remained within his sight for the entire time. During the chase, the officer observed one of the men, the defendant, place a revolver down by the curb, near the rear wheel of a car. The officer recovered this gun and transported both suspects to the precinct house. Complainant was similarly brought to the precinct house by other officers, at which time he again identified both defendant and his cohort, who were alone in the holding pen. A total of about 15 minutes had elapsed between the time complainant first approached the officer on the street and the time that he viewed the suspects at the precinct house. After a *Wade* hearing, defendant's motion to suppress the precinct house identification as unreasonably suggestive was denied. Defendant challenges that ruling on this appeal.

We conclude that nisi prius properly denied the suppression motion brought by defendant. The precinct house viewing of the suspect was not an independent identification procedure, but rather, was a prompt confirmation of the prior spontaneous identification made by complainant to the officer on the street (*see, People v Laguer,* 58 AD2d 610). The confirmation procedure was not impermissibly suggestive, as the identification had

already occurred. The close proximity in time between the initial identification and subsequent confirmation helped insure accuracy and reliability, and minimized the risk of a mistaken identification (*see, People v Adams,* 53 NY2d 241). Because of the prompt identification of defendant, coupled with the fact that defendant remained in the officer's line of vision from the moment of the spontaneous identification, there is virtually no realistic possibility that the confirmatory viewing at the precinct house resulted in a mistaken identification. Accordingly, defendant's suppression motion was properly denied.

The other contentions raised by defendant have been examined and found to be either unpreserved for review or without merit. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.