■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BRADLEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 4, 1982, convicting him of attempted burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Appeal held in abeyance and matter remitted to the Supreme Court, Kings County, to hear and report in accordance herewith. The hearing shall be held with all convenient speed.

At trial, the two identification witnesses, who did not testify at the Wade hearing, stated that defendant was walked right past them at the precinct in handcuffs and in the custody of the officer to whom they had made street identifications earlier that day. In addition, one of these witnesses, Mackie Vielot, testified that she also identified defendant thereafter at an arranged showup at the precinct. Yet, at the Wade hearing, the court only considered the propriety of the initial street identifications and, finding them proper, did not consider the question of whether either witness had an adequate independent basis for an in-court identification of defendant.

It is apparent, upon this record, that both station house viewings of the defendant were suggestive (see, e.g., People v Smalls, 112 AD2d 173; People v Rogers, 81 AD2d 980), and, under the facts of this case, cannot be justified as confirmatory (cf. People v Morales, 37 NY2d 262, 271; People v Higgs, 111 AD2d 410) or harmless accidental station house viewings (cf. People v Gonzalez, 61 AD2d 666, 671, affd 46 NY2d 1011). Thus, it is necessary to examine these witnesses as to their independent basis for in-court identifications at a new Wade hearing (see, e.g., People v De Congilio, 71 AD2d 990; People v Rogers, supra).

In light of our decision that a new Wade hearing is required, defendant's appeal will be held in abeyance pending Criminal Term's determination at that hearing. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.