OPINION OF THE COURT
Simons, J.
Because Justice Court erroneously denied defendant his statutory right to the assistance of either retained or assigned counsel on the misdemeanor charge (see, CPL 170.10), his conviction of driving with a revoked or suspended license (Vehicle and Traffic Law § 511 [1]) must be reversed.
The case arises from the following facts. Early in the morning of February 16, 1984, Riverhead police officers began an investigation of a Buick automobile parked at a Getty gas station. Vehicles were not usually parked overnight at this particular station, so the officers ran a computer check on the *323 license plates and VIN number. The check revealed that the plates were registered to a different vehicle, and that the Buick was registered to a person other than the owner of the plates. Shortly after this information was obtained, defendant approached the gas station. When questioned by the police, defendant responded that he had come to get his car, which he had parked at the gas station after it broke down. Defendant was thereupon arrested for driving an unregistered vehicle, and was taken to police headquarters. He was subsequently charged with a misdemeanor count of driving with a revoked or suspended license (Vehicle and Traffic Law § 511 [l]),[1] and with four traffic infractions. The Legal Aid Society was initially assigned as defendant’s counsel but, in a letter to the court dated March 26, 1984, it asked to be relieved and that counsel be assigned pursuant to County Law article 18-B because the agency was currently representing defendant’s codefendant in a pending unrelated matter. The Town Justice denied the request for assignment of substitute counsel. Defendant pleaded not guilty on April 2, 1984 and the case was set over for trial on April 16, 1984. When the case was called on April 16, defendant told the Town Justice that he was not prepared to proceed because he was still attempting to raise money to retain a lawyer. He indicated that he did not want to plead guilty, but he did not know how to handle his defense. The following exchange then ensued:
"the court: That’s what you were told, that you either defend yourself or plead guilty to them, that’s exactly what you were told. I said, I had no intention of sentencing you to jail on these charges and therefore I was not granting you Legal Aid.
"mr. ross: This is nonsense, this is crazy. You call this a court of law?
"the court: What do you mean by that? You were not entitled to a free attorney, on Vehicle and Traffic charges, where I have no intention of sending you to jail.
"mr. ross: I’m being charged with a misdemeanor even though it’s Vehicle and Traffic it’s still a misdemeanor, I can’t afford an attorney. I’m in a predicament either I plead guilty or I’m going to be found guilty so, either way I loose [sic] so, let’s see what I can do. I’m ready to go to trial.”
Later, after defendant’s cross-examination of a police officer *324 concerning the legality of the searches that elicited the YIN number and the certificate of title, defendant asked "Is there any way I can postpone this to get a lawyer[?] I don’t think I can represent myself good enough.” The Justice denied the request.
Defendant was convicted of all five counts. He was fined $100 on the misdemeanor conviction for driving while his license was suspended or revoked. He was also fined for the infractions of driving an uninsured vehicle and for improper plates, and he was given a conditional discharge on the other two counts. After the conviction was rendered, defendant asked the Justice whether he had a right to appeal the decision, which lead to the following colloquy:
"the court: Yes, you do. You have thirty days to appeal my decision.
"mr. ross: How do I go about that?
"the court: Check it out, you’ve got plenty of law books to read in the county jail.”[2]
On appeal, the Appellate Term affirmed the conviction and the matter is before us by leave of the Chief Judge.
The common law and the statutory law of this State impose upon Trial Judges the duty to scrupulously safeguard the right of all defendants to the effective assistance of counsel at every stage of a criminal proceeding. Where a defendant who is charged with a felony or misdemeanor is financially unable to obtain counsel, the court must assign counsel if the defendant so requests. This statutory right is codified at CPL 170.10, which provides, in pertinent part:
"3. The defendant has the right to the aid of counsel at the arraignment and at every subsequent stage of the action. If he appears upon such arraignment without counsel, he has the following rights:
"(a) To an adjournment for the purpose of obtaining counsel; and
"(b) To communicate, free of charge, by letter or by telephone, for the purposes of obtaining counsel and informing a relative or friend that he has been charged with an offense; and
"(c) To have counsel assigned by the court if he is financially unable to obtain the same; except that this paragraph *325 does not apply where the accusatory instrument charges a traffic infraction or infractions only.
"4. Except as provided in subdivision five, the court must inform the defendant:
"(a) Of his rights as prescribed in subdivision three; and the court must not only accord him opportunity to exercise such rights but must itself take such affirmative action as is necessary to effectuate them”. (Emphasis added.)
GPL 170.10 (6) further mandates that the trial court may allow a defendant in a felony or misdemeanor case to proceed pro se only when the statute’s prerequisites are met. Thus, it provides: "6. If a defendant charged with a traffic infraction or infractions only desires to proceed without the aid of counsel, the court must permit him to do so. In all other cases, the court must permit the defendant to proceed without the aid of counsel if it is satisfied that he made such decision with knowledge of the significance thereof, but if it is not so satisfied it may not proceed until the defendant is provided with counsel, either of his own choosing or by assignment. Regardless of the kind or nature of the charges, a defendant who proceeds at the arraignment without counsel does not waive his right to counsel, and the court must inform him that he continues to have such right as well as all the rights specified in subdivision three which are necessary to effectuate it, and that he may exercise such rights at any stage of the action.”
Although we have had little occasion to construe these provisions of the Criminal Procedure Law (see, People v Farinaro, 36 NY2d 283, 285 [there is no right to assignment of counsel on appeal of traffic infractions]), an indigent defendant’s right to assigned counsel, except in traffic infraction cases, has long been recognized, both in New York common law and the now-superseded Code of Criminal Procedure (People v Letterio, 16 NY2d 307, 310-311). Indeed, in an opinion 20 years ago we quoted an 1875 Buffalo Superior Court decision which stated that " '[t]he right and duty of our courts to assign counsel for the defense of destitute persons, indicted for crime, has been, by long and uniform practice, as firmly incorporated into the law of the State, as if it were made imperative by express enactment’ ” (People v Witenski, 15 NY2d 392, 397 [quoting People ex rel. Saunders v Board of Supervisors, 1 Sheld 517, 524]). The statute now requires that a defendant’s request for assistance of counsel, or a reasonable *326 adjournment to obtain counsel, must be honored. It should not be met with bullying tactics by the court or obvious expressions of its impatience, resentment or anger. Once this defendant indicated to the Town Justice that he was reluctant to proceed pro se, he was entitled to the court’s "affirmative action” to effectuate his right to counsel on the misdemeanor charge (see, CPL 170.10 [4]). At the very least, the court should have granted defendant an adjournment so that his eligibility for assigned counsel pursuant to County Law article 18-B could be determined.
The People raise two arguments to support their contention that, on the facts of this case, defendant was not entitled to assigned counsel, or an adjournment. First, they claim that CPL 170.10 should be read in light of recent Federal constitutional law holding that a court must appoint assigned counsel for indigent defendants only when the Trial Judge determines that a sentence of imprisonment will be imposed (relying on Argersinger v Hamlin, 407 US 25; Scott v Illinois, 440 US 367; Empy v State, 571 SW2d 526 [Tex Crim App] [construing Texas statute]). Defendant is asserting his statutory right to counsel, however, not a constitutional right and the Criminal Procedure Law clearly provides broad statutory protection to all defendants accused of felonies and misdemeanors without reference to the potential sentence attached to the crime.
Next, the People argue that defendant was not entitled to an adjournment or to assigned counsel because he had a reasonable opportunity to obtain counsel before the trial date (relying on People v Arroyave, 49 NY2d 264; People v Crown, 51 AD2d 588; People v Reynolds, 39 AD2d 812 [all involving requests to replace present counsel]) and his request for a continuance was a delaying tactic. The trial transcript indicates, however, that the Judge ordered the trial to proceed because he believed an 18-B attorney need not be assigned when there was no threat of imprisonment. The record does not support an inference that defendant unreasonably sought to delay the trial, and the Judge made no determination that he, in fact, did.
The Town Justice’s refusal to make an 18-B referral, or to adjourn the proceeding while defendant obtained private counsel clearly violated the prerequisites that the Legislature intended would preserve a defendant’s right to counsel at all stages of a criminal proceeding.
We have considered the remaining issues presented by defendant and find them without merit.
*327 Accordingly, the order of the Appellate Term should be modified by reversing defendant’s conviction for violation of Vehicle and Traffic Law § 511 (1) and ordering a new trial on the misdemeanor charge, and as so modified, the order should be affirmed.
Chief Judge Wachtler and Judges Meyer, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified. etc.

. This offense was recently recodified as a traffic infraction (L 1985, ch 756).

. Defendant was detained at the Suffolk County Jail at this time on pending unrelated charges.