■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BRADLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 4, 1982, convicting him of attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. By decision and order dated February 10, 1986, this court held the appeal in abeyance pending the completion of a second *Wade* hearing *(People v Bradley,* 117 AD2d 675). Upon completion of the ordered hearing, the court (Corriero, J.), denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The record developed at the second *Wade* hearing supports the court's conclusion that the People met their burden of establishing an independent basis for the in-court identification of the defendant by the two identification witnesses *(see, e.g., People v Washington,* 111 AD2d 418, *lv denied* 66 NY2d 768). The hearing court properly received and considered all available evidence probative of the reliability of the identifications made of the defendant. Inasmuch as the record supports the court's conclusions, its decision is entitled to great weight and should not be disturbed *(see, e.g., People v Boyce,* 89 AD2d 623, 624).

We note, moreover, that because defense counsel on cross-examination elicited all the information regarding the suggestive station house identification of the defendant by the complainants, the defendant cannot be deemed to have been prejudiced thereby.

We have examined the remaining contentions raised by defendant on the appeal and find them to be without merit. Bracken, J. P., Lawrence, Rubin and Eiber, JJ., concur.