■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT SPELLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered May 20, 1983, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Owens, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the appeal is held in abeyance and the matter is remitted to Supreme Court, Kings County, to hear and report, after a de novo suppression hearing, on that branch of the defendant's omnibus motion which was to suppress evidence.

We find that the defendant's constitutional right to the assistance of counsel as well as his fundamental right to confront and cross-examine prosecution witnesses were necessarily violated when the hearing court ordered that the suppression hearing proceed despite the fact that the defendant's counsel was not present in the courtroom and notwithstanding the consent of the Assistant District Attorney to adjourn the proceeding pending the appearance of counsel (see, People v Spears, 64 NY2d 698).

We further find that the hearing court acted improvidently in denying the defense counsel's request to reopen the suppression hearing so as to enable him to cross-examine the prosecution witness who had testified in his absence, in which request the prosecutor joined.

In order to insure that the fundamental rights of a defendant will be safeguarded, the law affords an accused an absolute right to be present, with counsel, during crucial stages in a criminal proceeding (see, People v Ciaccio, 47 NY2d 431, 436). Error of a constitutional dimension, therefore, occurred when the hearing court refused to adjourn the suppression hearing and proceeded in the absence of defense counsel (see, People v McGuinness, 9 NY2d 690; People v Di Salvo, 19 AD2d 747; People v McManus, 17 Misc 2d 247).

Accordingly, as the People concede, a de novo suppression hearing is warranted and the instant appeal is held in abeyance pending that hearing. Since we are not suppressing any evidence at this juncture, reversal of the judgment appealed from pursuant to the principle announced in People v Coles (62 NY2d 908) is not warranted at this time. Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.