■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JONES, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Giaccio, J.), both rendered November 21, 1985, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, under indictment No. 3087/84, upon a jury verdict, and attempted robbery in the second degree under indictment No. 3071/84, upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing (Di Tucci, J.), of that branch of the defendant's omnibus motion under indictment No. 3087/84 which was to suppress identification testimony, statements made by the defen-

dant to law enforcement officials and physical evidence, and that branch of the defendant's omnibus motion under indictment No. 3071/84 which was to suppress certain identification testimony and physical evidence.

Ordered that the appeals are held in abeyance and the matters are remitted to the Supreme Court, Queens County, to hear and report, after a de novo suppression hearing, on that branch of the defendant's omnibus motion under indictment No. 3087/84 which was to suppress identification testimony, the defendant's statements and physical evidence and that branch of the defendant's omnibus motion under indictment No. 3071/84 which was to suppress identification testimony and physical evidence. The Supreme Court, Queens County, is to file its report with all convenient speed.

The People concede that an error of constitutional dimension was committed by the hearing court when it compelled the defendant to proceed in the absence of his counsel at the suppression hearing *(see, People v Hodge,* 53 NY2d 313, 320; *People v Speller,* 133 AD2d 865). The only issue which we need address is the nature of the appropriate corrective action. We are of the opinion that at this juncture reversal of the judgments of conviction is not warranted. There is no per se rule in this State requiring such a remedy when a defendant has been deprived of counsel at a pretrial suppression hearing. Since no determination is being made as to whether the trial court erred in denying suppression, reversal of the judgments are not required but rather at this stage of the proceedings a de novo suppression hearing will adequately serve to obviate any prejudice to the defendant arising from the error in requiring him to proceed at the hearing without counsel *(see, People v Speller, supra; cf., People v Coles,* 62 NY2d 908).

The facts of this case are essentially indistinguishable from those of *People v Speller (supra).* There we found that the defendant was improperly deprived of his right to be afforded "the guiding hand of counsel" *(Coleman v Alabama,* 399 US 1, 9) when the hearing court refused to adjourn the suppression hearing and proceeded in the absence of counsel. Nevertheless, we held that reversal of the judgment of conviction entered upon the defendant's plea of guilty was not required because suppression was not being ordered at that juncture. Rather, the appeal was held in abeyance and the case remitted to the Supreme Court for a new suppression hearing. Although the defendant at bar was convicted after a trial under indictment No. 3087/84, we do not find that a meaningful distinction can be drawn between the entry of a guilty plea

and a conviction after trial where both were preceded by a suppression hearing at which the defendant was denied the assistance of counsel. Indeed, an action in which a plea of guilty is entered following denial of suppression upon a hearing without counsel presents a more compelling argument for an outright reversal of the conviction because the record is generally silent as to the extent of the plea negotiations, and the influence the denial of suppression had on a defendant's decision to plead guilty is therefore, difficult to gauge. Accordingly, this court's decision in *People v Speller (supra)*, that a de novo suppression hearing would adequately compensate the defendant for the deprivation of counsel at the original suppression hearing, compels an identical result in the case at bar. Thompson, J. P., Weinstein and Harwood, JJ., concur.

Lawrence, J., dissents and votes to reverse the judgments of conviction, on the law, vacate the plea of guilty under indictment No. 3071/84, and remit the matter to the Supreme Court, Queens County, for a new suppression hearing with respect to both indictments, a new trial with respect to indictment No. 3087/84, and for further proceedings with respect to indictment No. 3071/84, with the following memorandum decision in which Brown, J., concurs: The defendant appeals on the sole ground that he was deprived of his constitutional right to the effective assistance of counsel (US Const 6th Amend; NY Const, art I, § 6) at all stages of his trial as a result of the fact that the hearing court proceeded to hold a suppression hearing in the absence of his assigned trial counsel.

In response to the defendant's appeals, the People have not retreated from their position taken before the hearing court; they concede that in light of the uncounseled suppression hearing, the appropriate corrective relief with respect to indictment No. 3087/84 is reversal of the conviction and a new trial, preceded by a counseled suppression hearing.

Absent a valid waiver, a defendant is entitled to "the guiding hand of counsel at every step in the proceedings against him" *(Powell v Alabama,* 287 US 45, 69). The Court of Appeals has repeatedly "called for 'the highest degree of vigilance in safeguarding the right of an accused to have the assistance of an attorney at every stage of the legal proceedings against him' *(People v Cunningham,* 49 NY2d 203, 207)" *(People v Hodge,* 53 NY2d 313, 317-318; *see, People v Ross,* 67 NY2d 321, 324; *People v Felder,* 47 NY2d 287).

There can be no doubt that " 'a motion to suppress evidence

is a crucial step in a criminal prosecution; it may often spell the difference between conviction or acquittal' *(People* v. *Lombardi,* 18 A D 2d 177, 180 [2d Dept., 1963], affd. 13 N Y 2d 1014)" *(People v Anderson,* 16 NY2d 282, 287). Nevertheless, a defense counsel's failure to request the suppression of evidence does not per se constitute ineffective assistance of counsel *(see, e.g., People v Montana,* 71 NY2d 705; *People v Strempack,* 71 NY2d 1015; *People v Crevelle,* 122 AD2d 153, *lv denied* 68 NY2d 811; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803; *People v Eddy,* 95 AD2d 956; *People v Shannon,* 92 AD2d 554, 555). However, once the defendant herein was properly granted a suppression hearing, he "bec[a]me * * * entitled to have it conducted with full respect for his right to counsel" *(cf., People v Hodge, supra,* at 320 [involving a defendant's right to counsel at a preliminary hearing]).

While a defendant may proceed without the aid of counsel, the court may not permit him to do so unless it is satisfied that such a decision has been made with knowledge of the significance thereof (CPL 170.10 [6]). In this case, the statement by the defendant that he would proceed with the hearing in the absence of his assigned trial counsel cannot be construed as a knowing and voluntary waiver of his right to counsel. This is especially so in light of the fact that had the defendant not so agreed to proceed, the hearing court indicated that it would have dismissed those branches of his omnibus motions which were for the suppression of evidence. Further, at no time did the hearing court "ascertain that the [appellant] appreciated the risks of self-representation" *(People v Sawyer,* 57 NY2d 12, 20, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178).

Under the circumstances, the hearing court abrogated its responsibility to ensure that the defendant's rights were protected by allowing assigned trial counsel to disregard his obligations and responsibilities to the defendant *(see,* CPL 210.15 [2], [3]; *People v Ross,* 67 NY2d 321, 326, *supra).* The hearing court was understandably frustrated by the apparently dilatory conduct of the defendant's assigned trial counsel. However, its chosen remedies for the situation, to wit, either dismissal of those branches of the defendant's omnibus motions which were to suppress evidence; the granting of those branches of the omnibus motions if the People did not proceed; or the holding of an uncounseled suppression hearing, subject to a motion to reopen upon justifiable grounds, were inappropriate. Rather, the hearing court should have considered either an adjournment, with the imposition of

appropriate sanctions against the defendant's assigned counsel or, the People's suggestion that assigned counsel be relieved and new assigned trial counsel appointed for the purpose of the suppression hearing.

Further, the failure to provide counsel at a suppression hearing which has been properly granted is not subject to a harmless error analysis. The right to the assistance of counsel at such a hearing, which is a part of the trial *(see, People v Anderson,* 16 NY2d 282, *supra),* "is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial" *(Glasser v United States,* 315 US 60, 76; *see, People v Felder,* 47 NY2d 287, 295-296, *supra; cf., People v Hodge, supra* [denial of counsel at a preliminary hearing may be subject to harmless error analysis]).

As to the appropriate corrective relief in this case, I agree with the appellant and the People that the conviction upon indictment No. 3087/84 should be reversed and a new trial ordered to be preceded by a new suppression hearing *(see, People v Hodge, supra; People v Anderson, supra; People v Clark,* 45 NY2d 432; *cf., People v Speller,* 133 AD2d 865). By granting this relief, "the [defendant] will then be in a position comparable to the one he would have occupied had his right to counsel not been compromised" *(People v Hodge, supra,* at 321; *see also, People v Anderson, supra).*

Finally, since the defendant pleaded guilty to attempted robbery in the first degree in satisfaction of the counts in indictment No. 3071/84, on condition that he would receive a sentence concurrent to that imposed upon his conviction under indictment No. 3087/84, "in order to give effect to the plea commitment," the plea entered under indictment No. 3071/84 should be vacated *(see, People v Clark,* 45 NY2d 432, 440, *supra).*

Accordingly, the judgments of convictions should be reversed, the guilty plea vacated, and the matter should be remitted to the Supreme Court, Queens County, for a new suppression hearing, with respect to both indictments, a new trial with respect to indictment No. 3087/84 and for further proceedings with respect to indictment No. 3071/84.