■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JONES, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Giaccio, J.), both rendered November 21, 1985, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, under indictment No. 3087/84, upon a jury verdict, and attempted robbery in the first degree under indictment No. 3071/84, upon his plea of guilty, and imposing sentences. By decision and order dated December 30, 1988, this court held the appeals in abeyance pending the completion of a de novo suppression hearing (People v Jones, 145 AD2d 648). Upon completion of the ordered hearing, the Supreme Court, Queens County (Giaccio, J.), denied those branches of the defendant's omnibus motion under indictment No. 3087/84 which were to suppress identification testimony, statements made by the defendant to law enforcement officials and physical evidence, and that branch of the defendant's omnibus motion under indictment No. 3071/84 which was to suppress certain identification testimony and physical evidence.

Ordered that the appeals are held in abeyance and the matters are remitted to the Supreme Court, Queens County, to hear and report after a further suppression hearing in accordance herewith. The Supreme Court, Queens County, is to file its report with all convenient speed.

With respect to indictment No. 3087/84, concerning the robbery of Shaun Perry, Keith Belle and Tyran Moore, we find that the de novo suppression hearing court improperly precluded defense counsel from questioning Officer Kennan, the People's sole witness, concerning the circumstances of the precinct viewings of the defendant by the complainants. Despite an earlier street identification of the defendant, the propriety of which is not challenged, the hearing court should have determined whether the subsequent precinct viewings "constituted an improper identification or merely a confirmation of a previously established identification", after a full inquiry by counsel (People v Rubio, 118 AD2d 879, 880, on appeal after remand 133 AD2d 475; see also, People v Lorick, 142 AD2d 501; People v Bradley, 117 AD2d 675; People v Higgs, 111 AD2d 410). If the hearing court should find that

such precinct viewings were suggestive, then it will be necessary to examine the complainants as to the independent sources for their in-court identifications of the defendant *(see, People v Rubio, supra; People v Bradley, supra)*.

As to indictment No. 3071/84, concerning the robbery of Larry Warner, we further find that the de novo suppression hearing court erred by denying suppression of the precinct showup identification of the defendant by Warner *(see, People v Riley,* 70 NY2d 523). While ordinarily we would vacate the defendant's guilty plea under indictment No. 3071/84 *(see, People v Liano,* 142 AD2d 602), at this juncture, the defendant merely requests a further suppression hearing concerning whether an independent source exists for any in-court identification by Warner *(see, People v Riley, supra,* at 532).

Accordingly, the matters are remitted for a further suppression hearing on both indictments. Thompson, J. P. and Harwood, J., concur.

Brown and Lawrence, JJ., concur with the following memorandum: We agree that the defendant is entitled to a further *Wade* hearing with respect to both indictments. However, were we free to decide the matter de novo, we would adhere to our earlier decision *(see, People v Jones,* 145 AD2d 648, 650-652).