■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN SMITH, Appellant. [598 NYS2d 49] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered March 29, 1990, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he was denied the right to counsel. He contends that because his new attorney was unfamiliar with the case at the time the suppression hearing resumed after a delay of several months, the court ruled without giving counsel a meaningful opportunity to make a closing argument. However, the defendant had his first attorney present throughout the evidentiary stage of the hearing and does not question his competence. The defendant was entitled to counsel at this pretrial proceeding *(see, e.g., People v Hodge,* 53 NY2d 313, 320; *People v Speller,* 133 AD2d 865) but that right was not violated simply because argument was not heard at the close of the hearing, *(see, Herring v New York,* 422 US 853, 859, 863, n 13). Moreover, we note that new counsel stood mute in the face of the court's expressed desire to rule that day and did not request an adjournment. To the extent that the defendant implies that his attorney's decision not to object was not in his best interest *(see, People v Rivera,* 71 NY2d 705; *People v Hinds,* 183 AD2d 848), under the circumstances it does not support a claim of ineffective assistance of counsel.

We have examined the defendant's contention contained in his supplemental *pro se* brief and find it to be without merit. Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.