■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS TORRES, Appellant. [637 NYS2d 724] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered December 13, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (7 counts), criminal possession of a controlled substance in the fourth degree (2 counts), and conspiracy in the second degree, and sentencing him, as a second felony offender, to terms of 12 1/2 to 25 years on the second-degree conspiracy and third-degree possession convictions, 7 1/2 to 15 years on the fourth-degree possession convictions, and 25 years to life on the first-degree possession conviction with the sentences imposed on the first-degree possession conviction and on two of the third-degree possession convictions (counts 33 and 38) to run consecutively, and all other sentences to run concurrently with each other, unanimously affirmed.

Defendant's claim that he was denied a fair trial as a result of the Trial Judge's admonitions to his counsel was not preserved for appellate review by appropriate objections or a motion for a mistrial (*People v Charleston*, 56 NY2d 886), and in any event is without merit. The Judge's comments were necessitated by the conduct of defense counsel (*People v Gonzalez*, 38 NY2d 208). Defendant was not denied his right to

counsel when his attorney absented himself during a portion of the court's charge, with defendant's express consent on the record, during which time counsel for a codefendant agreed to protect defendant's interests. Defendant has not demonstrated a significant possibility that a conflict of interest existed that operated to his detriment and bore a substantial relation to the conduct of his defense (*People v Recupero*, 73 NY2d 877, 879). In fact, defendant is unable to point to any portion of the court's charge that his counsel might have challenged had he been present.

Defendant's argument that his challenge to the search warrant issued for his apartment should be remanded for a hearing pursuant to *People v Seychel* (136 Misc 2d 310) is without merit since such hearing was in fact held, and the procedure followed was approved in *People v Castillo* (80 NY2d 578, 586, *cert denied* 507 US 1033). We perceive no abuse of discretion in sentencing. Concur—Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.