■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRANVILLE HUNT, Appellant. [643 NYS2d 175] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 15, 1992, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, conspiracy in the second degree, conspiracy in the fourth degree, and criminally using drug paraphernalia in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The suppression court properly denied the defendant's ap-

plication for full disclosure of the partially redacted search warrant application and supporting testimony on the ground that such disclosure would jeopardize the safety and anonymity of the confidential informant (*see, Roviaro v United States,* 353 US 53, 62; *People v Castillo,* 80 NY2d 578, 582, *cert denied* 507 US 1033), given that the defendant and his codefendants (*see, People v Hunt,* 227 AD2d 570 [decided herewith]; *People v Perkins,* 227 AD2d 572 [decided herewith]) were involved in narcotics trafficking and weapons possession, and had a history of assaultive behavior. Furthermore, under these circumstances the suppression court properly undertook inquiry on behalf of the defendant by accepting those of the defendant's written questions which the court deemed relevant to the issue of the informant's credibility (*see, People v Castillo, supra,* at 586).

We reject the defendant's contention that his conviction should be reversed on the ground that the trial court failed to make a *Gomberg* inquiry (*see, People v Gomberg,* 38 NY2d 307). The defendant failed to demonstrate that his representation by the codefendant's counsel at a proceeding on March 19, 1992, constituted a conflict of interest which "affected", "operated on", or "[bore] a substantial relation to" the conduct of his defense (*People v Ortiz,* 76 NY2d 652, 657; *see, People v Recupero,* 73 NY2d 877, 879; *People v Alicea,* 61 NY2d 23, 31).

The handwritten pages of the ledger book containing the business accounts of the drug operation were properly ruled admissible by the court as this evidence was relevant and material to establish the defendant's participation in the conspiracy to prepare, cook, and package crack cocaine for distribution. Furthermore, the handwritten pages in the ledger book which referred to prior drug transactions were properly admitted to establish that he knowingly and intentionally acted in concert with his two codefendants to package and sell crack cocaine (*see, People v Kanston,* 192 AD2d 721). The court's failure to give a limiting instruction was harmless because the evidence of the defendant's guilt was overwhelming (*see, People v Crimmins,* 36 NY2d 230; *People v Williams,* 197 AD2d 722).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Hart and McGinity, JJ., concur.

Goldstein, J., dissents and votes to remit the matter to the Supreme Court, Kings County, for a new hearing and determination as to whether the in-camera hearing conducted with respect to the defendant's motion to controvert a search warrant should be reopened, and to hold the appeal in abeyance in the

interim, with the following memorandum: The defendant was deprived of his right to counsel at a proceeding held on March 19, 1992, relating to his application to suppress evidence. At that proceeding, the defendant's counsel failed to appear, and counsel for a codefendant said he was appearing on his behalf. After extensive arguments on the record between the court and counsel appearing for the defendant's counsel, the court ruled that none of the questions submitted by the defendant's counsel in writing should be posed to a confidential informant at a reopened in-camera hearing (*see, People v Castillo,* 80 NY2d 578, 586, *cert denied* 507 US 1033; *People v Jones,* 145 AD2d 648; *People v Speller,* 133 AD2d 865). Therefore, the in-camera hearing was never reopened.

A defendant has the absolute right to counsel's presence at all critical stages of a criminal proceeding (*see, People v Ciaccio,* 47 NY2d 431, 436). Oral colloquy on the formulation of questions to be posed to the confidential informant and the determination of whether the in-camera hearing should be reopened was an essential step in the defendant's effort to controvert a search warrant (*see, People v Torres,* 224 AD2d 269), and this constituted a critical stage of the criminal proceeding.

Although the counsel for a codefendant said he would protect the defendant's rights, there was no substitution of counsel, nor any evidence whatsoever that the defendant consented to this procedure. Therefore, the question of whether the codefendant's counsel's representation of the defendant would have created a significant possibility of a conflict of interest (*see, People v Ortiz,* 76 NY2d 652, 657), had there been a substitution of counsel, is not before us. Further, the question of whether the defendant was prejudiced by the absence of his counsel is not before us. Deprivation of the right to counsel at a critical stage of a criminal proceeding is so basic that harmless error analysis is inapplicable (*see, People v Hilliard,* 73 NY2d 584; *People v Margan,* 157 AD2d 64, 69).

Accordingly, I vote to remit the matter of the Supreme Court, Kings County, for a new hearing and determination on whether the in-camera hearing should be reopened.