■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUGO HUNT, Appellant. [643 NYS2d 172] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 2, 1993, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, conspiracy in the second degree, conspiracy in

the fourth degree, and criminally using drug paraphernalia in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied his right to be present during off-the-record, side-bar discussions with prospective jurors which involved inquiry into the jurors' own, family members', or friends' prior involvement with the police (*see, People v Antommarchi,* 80 NY2d 247). Even though the subject side-bar discussions centered exclusively upon the prospective jurors' background and ability to weigh the evidence objectively, *People v Antommarchi* is inapplicable to this case inasmuch as jury selection occurred prior to October 27, 1992, the date *People v Antommarchi* was decided (*see, People v Mitchell,* 80 NY2d 519, 529; *People v Jones,* 215 AD2d 501).

The defendant's contention that the People failed to establish that he knowingly possessed an excess of two ounces of cocaine is unpreserved for appellate review (*see, People v Noble,* 86 NY2d 814; *People v Logan,* 74 NY2d 859, 860; *People v Okehoffurum,* 201 AD2d 508). The defendant's additional contention that the People failed to present legally sufficient evidence to corroborate the accomplices' testimony is also unpreserved for appellate review (*see, People v Logan, supra; People v Blaho,* 221 AD2d 650). We decline to reach these issues in the exercise of our interest of justice jurisdiction. Moreover, upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Hart, Goldstein and McGinity, JJ., concur.