■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE SNEAD, Appellant. [666 NYS2d 113] —Judgment,

Supreme Court, Bronx County (Robert Cohen, J.), rendered October 28, 1993, convicting defendant, after a jury trial, of manslaughter in the first degree and assault in the first degree, and sentencing him to consecutive terms of 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

We find that the trial court conducted a sufficiently thorough inquiry to determine the absence of a conflict of interest after defense counsel revealed, during jury deliberations, that he had just learned that his partner was representing a relative of the deceased in an unrelated civil matter. Even if it were to be assumed that the situation actually constituted a conflict of interest, defendant has failed to demonstrate "a significant possibility" that such a conflict "operated to his detriment and bore a substantial relation to the conduct of his defense" (*People v Torres*, 224 AD2d 269, 270, *lv denied* 88 NY2d 943; *compare, People v Wandell*, 75 NY2d 951). Therefore, the absence of a *Gomberg* inquiry (*People v Gomberg*, 38 NY2d 307) does not warrant reversal.

On the existing record, which defendant did not seek to amplify in this regard as part of his motion pursuant to CPL article 440 (*see, People v Rivera*, 71 NY2d 705, 709), we conclude that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137).

Defendant's sentence was based on appropriate criteria, and we perceive no abuse of sentencing discretion.

Review of defendant's remaining contention is impermissible here, where this Court denied leave to appeal the CPL article 440 motion in which it was raised. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ. [As amended by unpublished order entered March 3, 1998.]