■ The People of the State of New York, Respondent, v Devon Williams, Also Known as Richard Edwards, Appellant. [698 NYS2d 649] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered November 12, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 1 year, respectively, unanimously affirmed.

There was legally sufficient evidence of guilt and the verdict was not against the weight of the evidence. After the undercover officer approached defendant and said "Let me get two", defendant's conduct in instructing the officer to "come with [me]", bringing him across the street, summoning the codefendant, telling the officer to "see" the codefendant and remaining by their side as the transaction took place provided ample evidence of defendant's accessorial liability for the sale. The cocaine residue recovered from defendant, whether usable or not, gave rise to criminal liability for seventh-degree possession of a controlled substance (People v Mizell, 72 NY2d 651).

Defendant's ineffective assistance claim rests largely upon factual assertions contained in his unsuccessful motion to vacate judgment pursuant to CPL 440.10. However, since leave to appeal to this Court was denied, these assertions are not properly before this Court (People v Snead, 245 AD2d 15, lv denied 91 NY2d 930). The existing record establishes that defendant received meaningful representation (see, People v Benevento, 91 NY2d 708).

We perceive no abuse of sentencing discretion. Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.