■ LARO, INC., Derivatively on Behalf of BAY PROPERTY ASSOCIATES, Appellant, v CHASE MANHATTAN BANK (NATIONAL ASSOCIATION), Respondent. [702 NYS2d 810] —Order, Supreme Court, New York County (Charles Ramos, J.), entered July 10, 1998, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly granted dismissing plaintiff's remaining claim that defendant aided and abetted the nonparty developer's alleged breach of fiduciary duty, since plaintiff offered no evidence that defendant had actual knowledge of the alleged breaches (*see, Lenczycki v Shearson Lehman Hutton*, 238 AD2d 248, *lv dismissed in part and denied in part* 91 NY2d 918). We therefore need not and do not decide whether breaches of fiduciary duty by nonparties occurred. Concur—Sullivan, J. P., Tom, Lerner and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD MANCE, Appellant. [703 NYS2d 708] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered June 11, 1996, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 22 years to life, 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

To the extent that defendant's ineffective assistance of counsel claim rests on factual assertions contained in his unsuccessful CPL 440.10 motion, those assertions are not properly before this Court because leave to appeal was denied (*see, People v Williams*, 266 AD2d 97). On the totality of the existing record, we conclude that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Trial counsel's failure to move for dismissal of the indictment based on preindictment delay does not require a finding of ineffectiveness, since defendant has not established that such a motion had any likelihood of success (*see, People v Singer*, 44 NY2d 241; *People v Taranovich*, 37 NY2d 442). While the delay was lengthy, the crime was extremely serious, defendant was not incarcerated on this charge during the period in question, and there is no evidence of bad faith or prejudice. Concur—Sullivan, J. P., Nardelli, Tom, Lerner and Andrias, JJ.