People v Costan (2019 NY Slip Op 01089)





People v Costan


2019 NY Slip Op 01089


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2014-03273
 (Ind. No. 10104/12)

[*1]The People of the State of New York, respondent,
v
Robert Costan, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Sullivan & Cromwell LLP [Drew J. Beesley], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), rendered March 25, 2014, convicting him of robbery in the first degree (nine counts), attempted robbery in the first degree, robbery in the third degree, attempted robbery in the third degree, and criminal possession of a forged instrument in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (William M. Harrington, J.), of those branches of the defendant's omnibus motion which were to suppress certain statements he made to law enforcement officials, identification testimony, and physical evidence seized incident to his arrest.
ORDERED that the matter is remitted to the Supreme Court, Kings County, to hear and report on those branches of the defendants' omnibus motion which were to suppress certain statements he made to law enforcement officials, identification testimony, and physical evidence seized incident to his arrest allegedly in violation of Payton v New York (445 US 573), and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
A criminal defendant is guaranteed the effective assistance of counsel under both the federal and state constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Turner, 5 NY3d 476, 479). Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 694). Under the state standard, the constitutional requirements for the effective assistance of counsel "are met when the defense attorney provides meaningful representation" (People v Stultz, 2 NY3d 277, 279 [internal quotation marks omitted]; see People v Baldi, 54 NY2d 137). The state standard has been called "somewhat more favorable to defendants" (People v Turner, 5 NY3d at 480), because its "prejudice component focuses on the fairness of the process as a whole rather than its particular impact on the outcome of the case" (People v Caban, 5 NY3d 143, 156 [internal quotation marks omitted]; see People v Ozuna, 7 NY3d 913, 915; see also Rosario v Ercole, 601 F3d 118, 124-125 [2d Cir]).
A defendant's constitutional right to the effective assistance of counsel must be safeguarded "at every stage of a criminal proceeding" (People v Ross, 67 NY2d 321, 324; see People v Wardlaw, 6 NY3d 556, 562 [Ciparick, J., dissenting]; People v Cunningham, 49 NY2d 203, 207; see also Coleman v Alabama, 399 US 1, 9-10). Effective assistance of counsel at a suppression hearing is of great significance since the determination of a motion to suppress evidence is "a crucial step in a criminal prosecution," and "it may often spell the difference between conviction or acquittal, for the evidence seized may constitute the principal, if not the only, means of establishing the defendant's guilt" (People v Lombardi, 18 AD2d 177, 180; see People v Anderson, 16 NY2d 282, 287; People v Jones, 145 AD2d 648, 650 [Lawrence, J., dissenting]).
"[T]he right of a defendant to be represented by an attorney means more than just having a person with a law degree nominally represent him [or her] upon a trial and ask questions" (People v Bennett, 29 NY2d 462, 466; see People v LaBree, 34 NY2d 257, 260). "[T]he right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense and who is familiar with, and able to employ . . . basic principles of criminal law and procedure" (People v Droz, 39 NY2d 457, 462 [citation omitted]).
Here, the Supreme Court improvidently exercised its discretion in denying the defendant's request for an adjournment to give his attorney more time to prepare for the suppression hearing. Prior to the hearing, counsel acted in the limited capacity of advisor since the defendant wished to proceed pro se. However, at the court's urging, counsel agreed to represent the defendant at the suppression hearing but expressed his concern that he had not had an adequate opportunity to review voluminous discovery materials (see People v Foy, 32 NY2d 473; cf. People v Jordan, 157 AD3d 413).
Given the circumstances of this case, including the importance to the People's case of the admissibility of the defendant's statements to law enforcement officials and physical evidence seized incident to his arrest (cf. People v Wardlaw, 6 NY3d 556), this matter must be remitted to the Supreme Court, Kings County, to conduct a new suppression hearing and report on those branches of the defendant's omnibus motion which were to suppress certain statements he made to law enforcement officials, identification testimony, and physical evidence seized incident to his arrest allegedly in violation of Payton v New York (445 US 573). We hold the appeal in abeyance in the interim (see People v Carracedo, 89 NY2d 1059, 1062; People v Slaughter, 78 NY2d 485, 493; People v Johnson, 37 AD3d 363, 364; People v Jones, 145 AD2d at 650; People v Speller, 133 AD2d 865; cf. People v Noll, 24 AD3d 688, 688-689).
In rendering this determination, we express no view as to the merits of those branches of the defendant's omnibus motion which were to suppress certain statements he made to law enforcement officials, identification testimony, and physical evidence seized incident to his arrest.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court