■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SIMMONS, Appellant.—Judgment unanimously affirmed. Memorandum: From our review of the record, we conclude that the trial court undertook searching inquiry to assure that defendant understood the value of counsel and the disadvantages of giving up his fundamental right to counsel before allowing him to proceed *pro se (see, People v Kaltenbach,* 60 NY2d 797, 799; *People v Anderson,* 125 AD2d 580, 581). Further, the trial court did not abuse its discretion in denying defendant's request to relieve his assigned counsel *(see, People v Tineo,* 64 NY2d 531, 536-537). An indigent's request for the court to assign new counsel should not be granted casually, but rather only upon a showing of good cause *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178). Here, defendant's claims constitute nothing more than general assertions that defense counsel was not adequately representing him, that he lacked confidence in his *counsel,* and that there were differences over appropriate trial tactics and strategies, which do not constitute good cause *(see, People v Medina,* 44 NY2d 199, 207-209; *People v Gensicki,* 123

AD2d 214, 215, *lv denied* 70 NY2d 646). Defendant's request to have counsel relieved in conjunction with his requests for adjournments were, as found by the trial court, nothing more than delaying tactics which cannot be condoned *(see, People v Medina, supra; People v Gensicki, supra)*. Additionally, defense counsel's employment at the District Attorney's office approximately four years earlier does not establish a conflict of interest that would constitute good cause *(see, People v Sawyer, 83 AD2d 205, 208, affd on other grounds 57 NY2d 12, supra)*.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Dadd, J.—attempted murder, second degree.) Present—Callahan, J. P., Green, Balio, Lawton and Davis, JJ.