■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY PARKER, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered October 27, 1988, which convicted defendant, after a jury trial, of the crime of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25), and which sentenced him, as a predicate violent felony offender, to an indeterminate prison term of from 2½ to 5 years, is unanimously reversed, on the law and on the facts, judgment vacated, the matter remanded for a new trial and a *Rosario* hearing, and the hearing court, after consideration of the role, if any, the District Attorney's office may have played in the erasure of the 911 tape, is directed to fashion an appropriate sanction.

Early in the morning of May 12, 1988, defendant was arrested for the attempted burglary of the private home of Mr. and Mrs. McMillan, which was located at 50 West 120th Street in Manhattan. The arrest took place approximately one block away from the McMillan home, and resulted from two telephone calls which Mr. and Mrs. McMillan had made to the police emergency number, 911, concerning the incident.

By indictment number 4274, filed May 19, 1988, a New York County Grand Jury charged defendant with the crime of attempted burglary in the second degree. At arraignment, the defendant pleaded not guilty.

Pursuant to CPL 240.20, prior to trial, defendant served a discovery demand upon the District Attorney, which requested any 911 tapes which the District Attorney intended to use at trial. In response, the District Attorney disclaimed any intent to use 911 tapes and advised counsel that such tapes were available by subpoena.

Thereafter, defense counsel moved to compel the District Attorney to provide the defense with the 911 tape. Criminal Term (Richard D. Carruthers, J.), in an order dated September 1, 1988, directed, pursuant to CPL 240.40, "that upon defen-

dant's *[sic]* providing to the District Attorney a blank audio cassette tape, the District Attorney shall provide to defense counsel a copy of the '911 Tape' relevant to this action."

In accordance with Criminal Term's order, defense counsel sought the subject 911 tape (tape) from the District Attorney, who stated that the tape had been erased by the police department. When defense counsel informed Criminal Term that the District Attorney had not complied with its order, since the tape was no longer in existence, Criminal Term suggested that defense counsel raise the issue at trial.

Before opening statements, defense counsel moved for a sanction to preclude the trial testimony of Mr. and Mrs. McMillan, since the destroyed tape contained the conversations of Mr. and Mrs. McMillan and the failure of the District Attorney to produce it constituted a *Rosario* violation *(People v Rosario,* 9 NY2d 286 [1961]; CPL 240.45). Trial court denied that application.

Thereafter, a jury trial took place, at which Mr. and Mrs. McMillan testified as witnesses for the District Attorney and defendant was convicted.

On appeal, the defendant contends, in substance, that the trial court committed reversible error when it denied defendant's application for a sanction, based upon the District Attorney's failure to turn over the tape.

The People concede in their respondent's brief that the tape constituted *Rosario* material which the District Attorney had an obligation to turn over to the defense prior to opening statements. As mentioned *supra,* the District Attorney blamed his inability to produce the tape upon the fact that the police department had erased same. However, since our examination of the record unequivocally indicates that the defense requested that tape from the District Attorney prior to its destruction, we find that the District Attorney not only had "a duty to produce *Rosario* material [the District Attorney] also [had] a correlative 'obligation to preserve [such] evidence until a request for disclosure is made' " *(People v Martinez,* 71 NY2d 937, 940 [1988]).

It is well-established law that "a violation of the *Rosario* rule * * * cannot be considered harmless error * * * so that the People's failure to produce 'constitute[s] per se reversible error requiring a new trial' " *(People v Fields,* 146 AD2d 505, 508 [1st Dept 1989]).

Further, we find that since there was a *Rosario* violation herein, the trial court erred in denying defendant's motion for

a sanction, although not necessarily the sanction requested by defendant. The Court of Appeals held in *People v Martinez (supra,* at 940) that when a *Rosario* violation occurs, "the court must impose an appropriate sanction. The determination of what is appropriate is committed to the trial court's sound discretion".

Accordingly, we reverse, remand for a new trial and a *Rosario* hearing, and direct the hearing court, after consideration of the role, if any, the District Attorney's office may have played in the erasure of the 911 tape, to fashion an appropriate sanction.

We have considered the other contentions of the parties, and find them to be without merit. Concur—Ross, J. P., Asch, Milonas, Kassal and Smith, JJ.