■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BOLES, Appellant. [604 NYS2d 412] —Judgment unanimously affirmed. Memorandum: The evidence was legally sufficient for the jury to have found that the victim of the robbery sustained "physical injury" within the meaning of the statute (Penal Law § 160.10 [2] [a]; § 10.00 [9]; see, People v Ball, 140 AD2d 447, lv denied 72 NY2d 954). The victim testified that he sustained a cut on his left side, which bled and caused pain that lasted three days. The instrument that cut the victim penetrated his shirt and thermal underwear and left a scar, which was still visible at the time of trial. Although the wound did not require sutures, it was bandaged and the victim received a tetanus shot at the hospital. The evidence was not consistent with the " 'petty slaps, shoves, kicks and the like' " referred to in Matter of Philip A. (49 NY2d 198, 200).

The showup identification procedure held near the scene of the crime and shortly after its commission was not unduly suggestive (People v Love, 57 NY2d 1023). Further, the inad-

vertent viewing of defendant by the victim at the police station does not require suppression of the in-court identification. Because the victim had already identified defendant at the showup near the scene of the crime, there was no likelihood that the viewing in the police station would lead to " 'irreparable misidentification' " (Neil v Biggers, 409 US 188, 197).

The court did not err in failing to recuse itself from sentencing defendant (see, People v Moreno, 70 NY2d 403, 405).

The court complied with proper procedure in sentencing defendant as a persistent felony offender and the court's findings were supported by sufficient evidence of the history and character of defendant and the nature of his criminal conduct. In making its findings, the court properly relied upon the uncontroverted allegations in the statement it prepared (see, CPL 400.20 [3], [7], [8]).

Further, defendant's sentence was neither harsh nor excessive. Lastly, we find no merit in defendant's contention that the court erred in its Sandoval ruling. (Appeal from Judgment of Oneida County Court, Buckley, J.—Robbery, 2nd Degree.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.