■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN TORRES, Appellant. [621 NYS2d 1012] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the evidence of the showup identification should have been suppressed. Defendant was identified by the victim as similar in height to and wearing the same clothing as the masked perpetrator of a robbery within 15 minutes of the commission of that crime and one-quarter mile from the crime scene. Although defendant was handcuffed when identified, given the proximity of the identification procedure to the time and place of the crime, " 'there was no constitutional infirmity' "; the showup was "within the permissible boundaries of the governing legal principles" (People v Duuvon, 77 NY2d 541, 544; see, People v Brnja, 50 NY2d 366; People v Hendrick, 192 AD2d 1100, 1101, lv denied 82 NY2d 755; People v Hunt, 187 AD2d 981, 982, lv denied 81 NY2d 887).

The contention of defendant that the prosecutor's remarks on summation deprived him of due process has not been preserved for review (see, CPL 470.05 [2]), and we decline to address it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

Finally, the contention of defendant that his sentence is harsh or excessive is without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.