■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO THOMAS, Appellant. [642 NYS2d 349] —Judgment unanimously affirmed. Memorandum: There is no merit to the argument of defendant that he was denied a fair trial by improper comments made by the prosecutor on summation. Defendant failed to object to one of the comments, thereby failing to preserve for review his argument concerning its propriety (*see*, CPL 470.05 [2]). The comments to which defendant objected were not so egregious as to warrant reversal and, in any event, any possible prejudice was eliminated by County Court's charge to the jury (*see, People v Jackson*, 213 AD2d 257, *lv denied* 86 NY2d 736).

Defendant did not object on *Molineux* grounds to the admission of testimony concerning incidents of attempted witness intimidation nor did he request a *Ventimiglia* hearing; therefore, his present argument that the court erred in admitting testimony concerning bad acts without conducting a *Ven-*

*timiglia* hearing is not preserved for review (*see,* CPL 470.05 [2]; *People v Hill,* 163 AD2d 813, *lv denied* 76 NY2d 987). In any event, the testimony concerning defendant's attempted intimidation of witnesses was admissible on the issue of identity.

The People were not required to serve a CPL 710.30 notice where a witness who identified defendant at trial had previously viewed defendant by chance in the hallway of the courthouse prior to the *Wade* hearing and had appeared at defendant's felony hearing at the request of a fellow employee, not at the request of the police or prosecutor (*see, People v Richardson,* 212 AD2d 743, *lv denied* 85 NY2d 942; *People v Green,* 149 AD2d 919, *lv denied* 74 NY2d 810).

Although the court erred in admitting into evidence a chart prepared by the prosecution, that error was harmless. The prosecutor utilized the chart during his opening statement without objection, the jury did not request the chart during deliberations, and the court instructed the jury that the accuracy of the information on the chart was a matter for the jury to determine.

By failing to request sanctions as a result of the failure of the People to preserve a 911 tape, defendant failed to preserve for review his present contention that the court erred in failing to impose sanctions (*see, People v Rogelio,* 79 NY2d 843, 844). In any event, sanctions were not warranted. In Erie County, 911 tapes are preserved for a 90-day period and are then taped over. In the absence of a timely request by a defendant that a 911 tape be preserved, its routine destruction will not be viewed as a lack of due diligence (*People v Hyde,* 172 AD2d 305, 306, *lv denied* 78 NY2d 1077).

Defendant's motions pursuant to CPL 210.35 and 330.30 were properly denied. The prosecutor's cross-examination of defendant's mother and wife was not improper. We decline to exercise our power to modify defendant's sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Erie County Court, D'Amico, J.— Robbery, 1st Degree.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.