■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL G. GIERSZEWSKI, Appellant. [641 NYS2d 766] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his motion to exclude the testimony of all witnesses to the Ames Department Store incident as a sanction for a *Rosario* violation. While the People's failure to disclose before the suppression hearing police notes of those witnesses' interviews constitutes a *Rosario* violation (*see, People v Malinsky,* 15 NY2d 86), it is undisputed that defense counsel received the notes before trial. The remedy for a pretrial *Rosario* violation is a new suppression hearing (*see, People v Banch,* 80 NY2d 610, 617-619). Because defendant did not seek that relief, any claim arising from the possible violation of his *Rosario* rights must be deemed abandoned (*see generally, People v Graves,* 85 NY2d 1024, 1027; *People v Thomas,* 226 AD2d 1071 [decided herewith]; *People v Tamayo,* 222 AD2d 321).

We likewise reject the contention that the evidence of the

showup identification should have been suppressed. Because the showup was conducted at the scene of the crime shortly after its commission, it was an appropriate means of securing a prompt identification and was not unduly suggestive (*see, People v Love,* 57 NY2d 1023; *People v Torres,* 210 AD2d 875, *lv denied* 85 NY2d 944; *People v Boles,* 198 AD2d 837, *lv denied* 83 NY2d 802).

We further conclude that prosecutorial misconduct on summation, which included "injecting the integrity of the District Attorney's office into the case" (*People v Carter,* 40 NY2d 933, 934), does not warrant reversal because defendant was not thereby deprived of a fair trial (*see, People v Woodard,* 112 AD2d 454, *lv denied* 66 NY2d 769; *People v Rubin,* 101 AD2d 71, 77).

We have reviewed the remaining contentions raised by defense counsel and by defendant *pro se* and conclude that they are without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Sexual Abuse, 1st Degree.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.