■ The People of the State of New York, Respondent, v Edward Charles Hines, Appellant. [643 NYS2d 808] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his request to impose sanctions on the People at trial for failing to preserve a 911 tape. Although the court erred in ruling that the tape does not constitute Rosario material (see, CPL 240.45 [1] [a]), sanctions were not required because the tape was destroyed pursuant to routine police procedure before defendant requested it (see, People v Diggs, 185 AD2d 990; cf., People v Parker, 157 AD2d 519, lv denied 76 NY2d 793). Moreover, defendant was not prejudiced by the destruction of the tape (see, People v Segui, 208 AD2d 447, lv denied 84 NY2d 1038; People v Hyde, 172 AD2d 305, lv denied 78 NY2d 1077). The witness whose call was recorded did not identify defendant at trial and did not contradict the testimony of defendant, who admitted that he was at the crime scene.

We further conclude that the court did not err in instructing the jury on the elements of grand larceny in the fourth degree (Penal Law § 155.30 [4] [stealing property consisting of a credit card]). Knowledge that a credit card is included in property that has been stolen is not a necessary element of that crime (see, People v Mitchell, 77 NY2d 624, 628-629). Finally, defendant contends that the prosecutor violated the court's Sandoval ruling. Defendant failed to object to the court's curative instruction and, thus, that contention is unpreserved for our review (see, People v D'Alessandro, 184 AD2d 114, 118, lv denied 81 NY2d 884, citing People v Comer, 73 NY2d 955, 957). In any event, that contention is without merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Wesley and Balio, JJ.