■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL J. SOLTIS, Appellant. [646 NYS2d 480] —Judgment unanimously reversed on the law, plea vacated and matter remitted to Ontario County Court for further proceedings on indictment. Memorandum: Pursuant to a plea agreement, defendant pleaded guilty to an indictment charging him with driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). He was sentenced to a five-year term of probation, with the first six months to be served in county jail, followed by three months of electronic home monitoring. The Penal Law does not authorize electronic monitoring as a condition of probation (*People v McNair*, 87 NY2d 772). We therefore vacate the plea and remit the matter for further proceedings on the indictment (*see, People v McNair, supra*).

In view of our resolution, we do not address defendant's remaining contention. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Felony Driving While Intoxicated.) Present—Green, J. P., Lawton, Wesley, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY CHRISTIAN, Appellant. [645 NYS2d 206] —Judgment unanimously affirmed. Memorandum: The evidence, the law and the circumstances of this case, viewed in totality and at the time of the representation, reveal that defense counsel provided meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Perkov*, 227 AD2d 960). Defendant's challenges to the sufficiency of the evidence are not preserved for our review (*see,* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10), and we decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). County Court properly denied the motion to dismiss the indictments pursuant to CPL 30.30 (1) (a). The court properly sentenced defendant as a second felony offender without conducting a hearing. Defendant was adjudicated a second felony offender following a previous conviction and that determination is binding on defendant for purposes of his sentencing upon the instant conviction (*see,* CPL 400.21 [8]; *People v Showler*, 209 AD2d 1054, *lv denied* 86 NY2d 802). Finally, the sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Burglary, 1st Degree.) Present—Green, J. P., Lawton, Wesley, Callahan and Boehm, JJ.