■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD L. MORRIS, Appellant. [647 NYS2d 893] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a bench trial, of robbery in the third degree. Defendant contends that he is guilty merely of petit larceny (shoplifting) because the struggle with the store security person

was to fend off an assault rather than to overcome resistance to the retention of the stolen property (*see*, Penal Law § 160.00 [1]) and that the verdict therefore is against the weight of the evidence. Upon our review of the record, we conclude that there is no merit to defendant's contention (*see, People v Dekle*, 83 AD2d 522, *affd* 56 NY2d 835; *People v Johnstone*, 131 AD2d 782, *lv denied* 70 NY2d 800; *People v Brock*, 125 AD2d 401, *lv denied* 69 NY2d 824).

Contrary to defendant's contention, the routine destruction of the 911 tapes did not warrant sanctions. Although those tapes constituted *Rosario* material that the People had an obligation to turn over to defendant upon proper demand (*see, People v Parker*, 157 AD2d 519, *lv denied* 76 NY2d 793), the record does not disclose that any demand was made for discovery of those tapes pursuant to either CPL 240.20 or 240.44. In the absence of a timely demand, the routine destruction of 911 tapes will not be viewed as a lack of due diligence (*People v Thomas*, 226 AD2d 1071; *People v Hyde*, 172 AD2d 305, 306, *lv denied* 78 NY2d 1077). In addition, the remedy for a pretrial *Rosario* violation is a new suppression hearing (*see, People v Banch*, 80 NY2d 610, 618; *People v Gierszewski*, 226 AD2d 1099). Because defendant did not seek that relief, any claim arising from the possible violation of his *Rosario* rights must be deemed abandoned (*see, People v Gierszewski, supra*).

County Court did not abuse its discretion in denying defendant's request to appoint new assigned counsel (*see, People v Sides*, 75 NY2d 822, 824; *People v Simmons*, 156 AD2d 1012, *lv denied* 75 NY2d 924). The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defendant's attorney provided meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147; *People v Christian*, 229 AD2d 991). We conclude that the court properly considered all of defendant's defenses to the charge in the indictment and that the remaining contentions raised by defendant in his *pro se* supplemental brief are without merit. (Appeal from Judgment of Erie County Court, McCarthy, J.—Robbery, 3rd Degree.) Present—Denman, P. J., Green, Callahan, Doerr and Boehm, JJ.