■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOBI BOYD, Appellant. [679 NYS2d 768] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law §§ 20.00, 160.15 [4]) and robbery in the second degree (Penal Law § 160.10 [1]), based upon defendant's theft of a vehicle and personal property from the victim at gunpoint. The verdict is not against the weight of the evidence. The testimony of the civilian witnesses for the prosecution, all convicted felons, was not incredible as a matter of law (*see, People v Stroman*, 83 AD2d 370, 371-372), and the issue of credibility is best determined by the trier of fact (*see, People v Shedrick*, 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758). Upon our review of the record, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495).

Supreme Court did not err in refusing to impose sanctions against the People based upon their failure to turn over the tape of a 911 call placed by the victim, who later testified at trial. The tape constituted *Rosario* material that the prosecutor was obligated to turn over to defendant upon proper demand (*see, People v Morris*, 231 AD2d 911, 912, *lv denied* 89 NY2d 927, 1097). The prosecutor explained that 911 tapes are routinely destroyed and that defendant did not request the tape until trial, after the tape had been destroyed (*see, People v Thomas*, 226 AD2d 1071, 1072, *lv denied* 88 NY2d 995). We note that the better practice would be for the prosecutor to request preservation of 911 tapes of calls from victims of or witnesses to crimes. We have previously held, however, that, "[i]n the absence of a timely demand, the routine destruction of 911 tapes will not be viewed as a lack of due diligence" (*People v Morris, supra,* at 912). Contrary to defendant's contention, the court's instruction on consciousness of guilt was supported by the evidence and properly conveyed to the jury the limited value of such evidence (*see, People v Dugan*, 238 AD2d 922, *lv denied* 90 NY2d 857).

The court did not abuse its discretion in denying defendant youthful offender status. Having been convicted of an armed felony, defendant was not eligible for that status (*see,* CPL 720.10 [2] [a] [ii]), unless the court determined that mitigating circumstances existed (*see,* CPL 720.10 [3]). We agree with the court that there are no "mitigating circumstances that bear directly upon the manner in which the crime was committed" and that defendant's participation in the offense was not "relatively minor" (CPL 720.10 [3]). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Robbery, 1st Degree.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.