■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JHANG, Appellant. [755 NYS2d 644] —Appeals by the defendant from seven judgments of the Supreme Court, Queens County (Browne, J.), all rendered July 23, 1993, convicting him of robbery in the first degree (one count each under Indictment Nos. 1851/92, 1852/92, 1853/92, 1970/92, 1971/92, 1972/92, and 2620/92), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, he was not eligible for youthful offender treatment. Since the defendant was convicted of armed felonies (*see* CPL 1.20 [41] [b]; Penal Law § 70.02 [1] [a]; § 160.15 [4]), he could only be adjudicated a youthful offender if "mitigating circumstances" exist "that bear directly upon the manner in which the crime was committed," or if his participation in the crimes was "relatively minor" (CPL 720.10 [3] [i], [ii]). Here, the defendant offered the sentencing court no evidence of mitigating circumstances relat-

ing to the manner in which the subject robberies were committed, and his role in the robberies was not minor. Accordingly, he could not be adjudicated a youthful offender (*see People v Fields,* 287 AD2d 577, 578 [2001]; *People v Victor J.,* 283 AD2d 205 [2001]; *People v Boyd,* 254 AD2d 740, 741 [1998]; *People v Cuatle,* 212 AD2d 625 [1995]).

The defendant's remaining contentions are without merit. Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.