(December 30, 2015)

■ KENDRA ANDERSON, Respondent, v STATE OF NEW YORK, Respondent. COUNTY OF SUFFOLK, Nonparty Appellant. [21 NYS3d 356]—

In a claim to recover damages, inter alia, for wrongful death, etc., nonparty County of Suffolk appeals, as limited by its brief, from so much of an order of the Court of Claims (Lynch, J.), dated December 23, 2013, as denied its motion to quash a subpoena duces tecum served upon it by the claimants and granted that branch of the claimant's motion which was to compel production of the 911 materials.

Ordered that the order is affirmed insofar as appealed from, with costs.

This claim arises out of an incident that occurred when Arthur William Reece, Jr., drove his vehicle off of the roadway and traveled over the base of a traffic counting device. A pole that was supposed to be on top of the device was absent. The base shattered when Reece's vehicle came into contact with it and punctured the vehicle's gas tank, sparking a fire. Reece and two children, Kendra Anderson and Larissa Siege Reece, were trapped in the car and died in the fire. The claimant, as administrator of the estates of the children, commenced this claim against the State of New York.

The claimant served a so-ordered subpoena upon the nonparty appellant, County of Suffolk, for certified copies and transcripts of the 911 calls relating to the accident. The County moved to quash the subpoena on the ground that under County Law § 308 (4), 911 recordings and documents are not discoverable by any entity or person other than certain designated

public agencies and emergency medical providers. The claimant opposed the motion and thereafter moved to compel discovery of, inter alia, the 911 tapes, arguing that they were discoverable under CPLR 3101 as material and relevant matter. Specifically, the claimant argued that the material may be expected to reveal why Reece's vehicle left the roadway, the length of time the vehicle's occupants experienced conscious pain and suffering, and the amount of time it took for police to respond to the scene. The Court of Claims denied the County's motion and granted that branch of the claimant's motion which was to compel compliance with the subpoena duces tecum. The County appeals.

Article 6 of the County Law is entitled "Enhanced Emergency Telephone System Surcharge" (see County Law §§ 300-308). County Law § 308 (4) provides that: "Records, in whatever form they may be kept, of calls made to a municipality's E911 system shall not be made available to or obtained by any entity or person, other than that municipality's public safety agency, another government agency or body, or a private entity or person providing medical, ambulance or other emergency services, and shall not be utilized for any commercial purpose other than the provision of emergency services."

The question of whether County Law § 308 (4) prohibits the discovery of 911 tapes and records in civil litigation is an issue of first impression at the appellate level. Information contained in the Bill Jackets for County Law § 308 (4) speaks only to the fiscal aspects of the emergency 911 system (see Bill Jackets, L 1989, chs 756, 757), which are not relevant here. Discovery is governed by CPLR article 31. CPLR 3101 is, of course, to be liberally construed (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Ferolito v Arizona Beverages USA, LLC, 119 AD3d 642, 643 [2014]), and the scope of discovery is left to the broad discretion of the trial court (see Karanikolas v Elias Taverna, LLC, 128 AD3d 905 [2015]; Conte v County of Nassau, 87 AD3d 558 [2011]). Here, the matter sought by the claimant in the subpoena duces tecum is material and relevant to the issues involved in this claim.

We view the language of County Law § 308 (4) as generally prohibiting entities and private individuals from accessing 911 tapes and records (see Newsday LLC v Nassau County Police Dept., 42 Misc 3d 1215[A], 2014 NY Slip Op 50044[U] [Sup Ct, Nassau County 2014]). However, the statute is not intended to prohibit the disclosure of matter that is material and relevant in a civil litigation, accessible by a so-ordered subpoena or directed by a court to be disclosed in a discovery order (cf. Ren-

*nix v Jackson*, 43 Misc 3d 1205[A], 2014 NY Slip Op 50499[U] [Sup Ct, Kings County 2014]). Indeed, in analogous criminal practice, 911 tapes and records are frequently made available to individual defendants as part of the People's disclosure obligations pursuant to *People v Rosario* (9 NY2d 286 [1961]; *see* CPL 240.40 [1]; 240.44 [1]; *People v Boyd*, 254 AD2d 740, 741 [1998]) and are admitted at trials to describe events as present sense impressions of witnesses (*see People v Vanderhorst*, 117 AD3d 1197, 1200 [2014]), to identify perpetrators as present sense impressions (*see People v Buie*, 201 AD2d 156, 159-160 [1994]), or as excited utterances (*see People v Wine*, 279 AD2d 424 [2001]). Clearly, the general language of County Law § 308 (4), which is part of the statute governing the establishment of an emergency 911 system in various counties, cannot be interpreted as prohibiting court-ordered discovery of 911 material in civil litigation.

We decline the claimant's request for the imposition of sanctions against the County.

Accordingly, the Court of Claims properly denied the County's motion to quash the subpoena duces tecum and granted that branch of the claimant's motion which was to compel production of the 911 materials. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.