Estate of Gilbert v Hackett (2020 NY Slip Op 02670)





Estate of Gilbert v Hackett


2020 NY Slip Op 02670


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-14452
 (Index No. 33683/12)

[*1]Estate of Shannan Gilbert, etc., et al., respondents,
v
Charles Peter Hackett, etc., defendant; Suffolk County Police Department, nonparty-appellant.


Dennis M. Brown, County Attorney, Hauppauge, NY (Elaine M. Barraga of counsel), for nonparty-appellant.
Ray, Mitev & Associates, LLP, Miller Place, NY (John Ray of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, nonparty Suffolk County Police Department appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated October 29, 2018. The order, inter alia, denied the motions of nonparty Suffolk County Police Department to quash certain subpoenas duces tecum, and granted those branches of the plaintiffs' cross motion which were to enforce the subpoenas subject to stated restrictions.
ORDERED that the order is affirmed, with costs.
In this action, the representatives of the estates of Shannan Gilbert and of her mother, Mari Gilbert, seek to recover damages from the defendant Charles Peter Hackett in connection with Shannan's disappearance and death. As a result of prior rulings of the Supreme Court, the causes of action that remained at the time the order appealed from was decided were to recover damages for Shannan's pain and suffering up to the time of her death and for emotional distress and related harms suffered by Mari. The plaintiffs served nonparty Suffolk County Police Department (hereinafter the SCPD) with two court-ordered subpoenas duces tecum. The first subpoena sought
the production of the recording, and any transcripts and analyses, of a 911 emergency call received and recorded by the New York State Police and turned over to the SCPD, that Shannan made on the night of her disappearance on May 1, 2010. The second subpoena sought the production of any and all recordings of any and all 911 calls made on or about May 1 through 3, 2010, regarding Shannan, as well as any transcripts and analyses of those calls. The SCPD made two motions to quash the subpoenas, contending, inter alia, that the subpoenas sought production of records that were barred from production under the Public Officers Law. The plaintiffs cross-moved, in effect, inter alia, to compel compliance with the two subpoenas. The Supreme Court denied the SCPD's motions to quash and granted those branches of the plaintiffs' cross motion which were to enforce the subpoenas subject to stated restrictions. The SCPD appeals.
"The discovery provisions of CPLR article 31 operate independently of the Freedom of Information Law, and a litigant's entitlement to any particular evidentiary item under article 31 [*2]is not affected by the disclosability of that item under FOIL" (Abate v County of Erie, 152 AD3d 177, 183; see Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 80-82; Anderson v State of New York, 134 AD3d 1061, 1062-1063).
Disclosure in civil actions is generally governed by CPLR 3101(a), which provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The courts possess wide discretion to decide whether information sought is "material and necessary" to the prosecution or defense of an action (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). The words "material and necessary" are "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (id. at 406; see Forman v Henkin, 30 NY3d 656, 661). The right to disclosure, although broad, is not unlimited and "competing interests must always be balanced; the need for discovery must be weighed against any special burden to be borne by the opposing party" (Forman v Henkin, 30 NY3d at 662 [internal quotation marks omitted]). Pursuant to CPLR 3103(a), "[t]he court may . . . make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts."
We agree with the Supreme Court's determination that the SCPD's conclusory assertions that disclosure of the 911 recordings would interfere with an ongoing homicide investigation more than eight years after Shannan's death did not outweigh the plaintiffs' interest in disclosure of material which was relevant to the plaintiffs' action. Thus, under the circumstances presented, we agree with the Supreme Court's determination to deny the SCPD's motions to quash and to grant those branches of the plaintiffs' cross motion which were to enforce the subpoenas subject to stated restrictions.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court