■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN LUCCI, Appellant. [671 NYS2d 1001] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered May 26, 1995, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in denying her request for a mental competency examination. A defendant is presumed to be competent and is not entitled, as a matter of right, to have the question of his or her capacity to stand trial passed upon unless the trial court is satisfied from the available information that a proper basis exists for questioning the defendant's sanity (*see, People v Armlin*, 37 NY2d 167, 171). Here, the trial court personally observed the defendant and her behavior, engaged in lengthy discussions with her, and conducted its own inquiry of her (*see, People v Morgan*, 87 NY2d 878, 880-881; *People v Russell*, 74 NY2d 901, 902). In evaluating the defendant's request, the court specifically reviewed the several factors identified by this Court in *People v Picozzi* (106 AD2d 413, 414) as necessary to be considered in assessing competency, namely: whether the defendant "(1) is oriented as to time and place; (2) is able to perceive, recall and relate; (3) has an understanding of the process of the trial and the roles of the Judge, jury, prosecutor and defense attorney; (4) can establish a working relationship with his or her attorney; (5) has sufficient intelligence and judgment to listen to the advice of counsel and, based on that advice, appreciate (without necessarily adopting) the fact that one course of conduct may be more beneficial to him or her than another; and (6) is sufficiently stable to enable him to withstand the

stresses of the trial without suffering a serious prolonged or permanent breakdown". Under the circumstances of this case, the trial court did not improvidently exercise its discretion.

The defendant's contention that the evidence adduced at trial was legally insufficient to establish her guilt of assault in the second degree beyond a reasonable doubt because the People failed to establish the element of "physical injury" is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20; *People v Udzinski*, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), the evidence was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt, as it established the nature of the victim's injury, the way it was inflicted, the duration of the pain, and the initial treatment required. This provided the jury with a ready and sufficient basis to determine that the victim suffered "substantial pain" as a result of the defendant's attack (*see, People v Brown*, 243 AD2d 749; *People v Boles*, 198 AD2d 837; *People v Coward*, 100 AD2d 628).

We have considered the defendant's remaining contention and find it to be without merit. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.