■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SORIN CHERLEA, Appellant. [697 NYS2d 63] —Appeals by the defendant from three judgments of the Supreme Court, Queens County (Golia, J.), all rendered September 17, 1992, convicting him of attempted murder in the first degree (two counts) and kidnapping in the second degree under Indictment No. 7572/90, criminal possession of a dangerous weapon in the first degree under Indictment No. 7613/90, and robbery in the first degree and kidnapping in second degree under Indictment No. 185/91, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's various claims of illegal police conduct, as well as his claim that his sentences were excessive, are not reviewable, since the record shows that he voluntarily, knowingly, and intelligently waived those claims as a condition of his negotiated pleas and sentences (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1; People v Fields, 196 AD2d 550; People v Burk, 181 AD2d 74). In any event, the defendant never filed a suppression motion and therefore his contentions regarding the alleged illegal police conduct are unpreserved for appellate review (see, People v Martin, 50 NY2d 1029).

By pleading guilty, the defendant waived his current claim that the evidence before the Grand Jury was insufficient to support the charges (see, People v Dunbar, 53 NY2d 868; People v Kazmarick, 52 NY2d 322). In any event, at the plea allocutions, the defendant admitted to all the material elements of the crimes to which he pleaded guilty.

The court did not err in denying the defendant's motion to withdraw his guilty pleas. The record indicates that at the time the defendant pleaded guilty to the charges, he understood the nature of the proceedings and charges against him, participated fully in the proceedings, and was fully able to assist in his own defense (see, Dusky v United States, 362 US 402; People v Francabandera, 33 NY2d 429, 436; People v Lucci, 250 AD2d 780; People v Picozzi, 106 AD2d 413, 414).

The defendant's remaining contentions are without merit. Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.