■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO VEGA, Appellant. [714 NYS2d 291] —Appeal from judgment, Supreme Court, New York County (Charles Tejada, J., at hearing; Megan Tallmer, J., at plea and sentence), rendered September 2, 1999, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, held in abeyance, and the matter remanded for a de novo suppression hearing with respect to the items found on defendant's bed.

The record of the suppression hearing establishes that defendant was denied effective assistance of counsel at the hearing (*see, People v Benevento*, 91 NY2d 708, 713-714). Defense counsel's concession that the police were entitled to seize contraband items found on the bed in defendant's room because they were in plain view from the hallway in this residential hotel was apparently made upon his misapprehension of the law concerning the plain view doctrine. Accordingly, this concession cannot be viewed as a strategic decision.

The observation, from a lawful vantage point *outside* the premises searched, of contraband in plain view did not satisfy all of the elements of the plain view doctrine; it was still necessary to establish that the police had lawful access to the premises (*Horton v California*, 496 US 128, 136-137; *People v Diaz*, 81 NY2d 106, 110), either by way of a search warrant or some exception to the warrant requirement, such as exigent circumstances (*compare, People v Funches*, 89 NY2d 1005, 1007). Under the particular circumstances presented, we find that although counsel succeeded in obtaining suppression of items found elsewhere in defendant's room and negotiated a fair plea bargain, defendant was prejudiced by his counsel's failure to raise a colorable claim that the officers lacked exigent circumstances or other lawful basis for entry into defendant's residence.

Although defendant is entitled to a de novo hearing as to the items recovered from the bed in his room, we find that counsel made appropriate arguments concerning the items found in a different room of the hotel, and there is no reason to disturb the court's finding that defendant lacked standing to suppress

those items. Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.