■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN CHARLES NOLL, Appellant. [808 NYS2d 381]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered May 30, 2002, convicting him of robbery in the first degree, attempted robbery in the first degree, burglary in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, to be preceded by a hearing to determine the voluntariness of the defendant's statements to law enforcement officials pursuant to *People v Huntley* (15 NY2d 72 [1965]).

The standard of review applied to a claim of ineffective assistance of counsel is whether, under the circumstances of the case, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137 [1981]). In general, a defendant alleging ineffective assistance of counsel based on counsel's failure to move to suppress evidence must demonstrate that counsel

had no strategic reason for failing to move for suppression (*see People v Rivera*, 71 NY2d 705, 708-709 [1988]). Here, the record demonstrates the absence of any legitimate explanation for counsel's failure to timely move to suppress the defendant's statements to law enforcement officials.

The defendant did not contest that he committed the acts constituting the charged crimes, but instead raised the affirmative defense that he was not responsible by reason of mental disease or defect (*see* Penal Law § 40.15). The defendant made several inculpatory statements to police officers at the time of his arrest and shortly thereafter. As the prosecutor suggested in her opening statement and argued during summation, those statements were directly relevant to the proffered defense.

The defendant's prior counsel, before being relieved, served written notice of intention to seek a suppression hearing with respect to these statements. Nevertheless, the defendant's trial counsel, who was assigned to the case more than 13 months before trial, did not request a *Huntley* hearing (*see People v Huntley, supra*) until after opening statements were completed. The only excuse he offered was that he had not known of the statements before trial and learned of them only when the prosecutor referred to them during her opening statement. Thus, as the record makes clear, counsel's failure to timely move for suppression of the statements was not a strategic decision at all, but the consequence of a failure to adequately prepare for trial as demonstrated by his ignorance of the fact that his client had made statements to law enforcement officials. Consequently, this is the "rare case" in which it is "possible from the trial record alone to reject all legitimate explanations for counsel's failure to pursue a colorable suppression issue" (*People v Rivera, supra* at 709). Under the circumstances, counsel's failure to become aware of the defendant's statements and seek a pretrial suppression hearing deprived the defendant of his right to meaningful representation (*see People v Baldi, supra*). Florio, J.P., Crane, Fisher and Dillon, JJ., concur.