■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHERINE JOHNSON, Appellant. [830 NYS2d 546]—

Appeal from judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered October 6, 2004, convicting defendant, after a nonjury trial, of robbery in the first degree, and sentencing her to a determinate term of five years, held in abeyance, and the matter remanded for a de novo suppression hearing.

The Court of Appeals has long applied a "flexible" standard in analyzing claims based upon a violation of a defendant's constitutional right to the effective assistance of counsel (*People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Henry*, 95 NY2d 563, 565 [2000]). "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see also People v Wiggins*, 89 NY2d 872, 873 [1996]), and the reviewing court must not confuse ineffectiveness with losing strategies and tactics (*People v Grey*, 34 AD3d 832, 833 [2006]; *People v Gil*, 285 AD2d 7, 12 [2001]). Moreover, the burden rests with defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (*People v Taylor*, 1 NY3d 174, 176 [2003]; *People v Benevento*, 91 NY2d at 712), and while a single error may qualify as ineffective assistance, that error must be "sufficiently egregious and prejudicial

as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152 [2005], *see also People v Ramirez*, 22 AD3d 334, 337 [2005], *lv denied* 6 NY3d 779 [2006]).

In the matter before us, after the conclusion of testimony at the suppression hearing, the court invited argument, at which point defendant's counsel stated: "Well, . . . the People have gone forward in the matter and I have the duty to sustain the illegality of the search. And frankly, Judge, you know, I don't believe in doing vain things and trying to ask a Judge to do something that I would not do. And I don't believe I have sustained, frankly, my burden to show the unlawful and unconstitutionality of the search. So, I really can't argue. You heard all the evidence, and I ask you to rule on the evidence in the case. I'm not going to say things that I cannot support . . . I don't think it would be fair to try to do that to any Judge sitting in that spot. I wouldn't want anybody to do it to me and I won't do it to you, Judge."

The prosecution, following defense counsel's unequivocal submission, declined the court's invitation to respond. A review of the hearing transcript, however, reveals several colorable arguments which would have been available to defense counsel and, while we decline to pass on the issue of the ultimate success of those arguments, we can discern no legitimate strategy or tactic which would have led counsel to simply concede all of the points raised. This is especially so because the victim was the only witness to the robbery; therefore the suppression of the gun recovered in the apartment, as well as the victim's identification of defendant, were at the core of the prosecution. Accordingly, we remand the matter for a de novo *Mapp/ Dunaway/Wade/Huntley* hearing (*see generally People v Vega*, 276 AD2d 414 [2000]). Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.