In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Freeman, J.), dated September 17, 2009, which, upon a fact-finding order of the same court dated July 29, 2009, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree (two counts) and unlawful possession of weapons by persons under 16 (two counts), adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of up to 18 months.
Ordered that the order of disposition is affirmed, without costs or disbursements.
The appellant contends that his counsel’s representation was ineffective based upon counsel’s failure to move to suppress the weapon which the appellant discarded in the street. Where it is alleged that counsel is ineffective for failure to request a particular hearing, “it is incumbent on [the appellant] to demonstrate the absence of strategic or other legitimate explanations for counsel’s failure to request a particular hearing” (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Noll, 24 AD3d 688 [2005]), i.e., that there is no “rational justification” for counsel’s conduct (People v Cyrus, 48 AD3d 150, 157 [2007]). Here, the appellant failed to meet that burden, in view of the equivocal merits of a motion to suppress (see People v Quinones, *1080 12 NY3d 116, 121 [2009], cert denied 558 US —, 130 S Ct 104 [2009]; People v Pines, 99 NY2d 525 [2002]), and the fact that a hearing on such a motion could have elicited evidence admissible at the fact-finding hearing that the appellant made a calculated decision to discard the gun, which would have contradicted his claim of innocence.
The appellant’s remaining contention is without merit (see People v Edwards, 14 NY3d 733 [2010]). Mastro, J.P., Santucci, Roman and Sgroi, JJ., concur.