# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**81**

**KA 10-00153**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BYRON HOWARD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 14, 2010.  The judgment convicted defendant, upon a nonjury verdict, of murder in the first degree (two counts), murder in the second degree (four counts), burglary in the first degree, arson in the third degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of murder in the second degree under counts three and four of the indictment and dismissing those counts and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]) and four counts of murder in the second degree (§ 125.25 [1], [3]).  The evidence established that defendant entered the home of his ex-girlfriend and waited for several hours until she returned home with her current boyfriend, at which time he shot them both and set her house on fire. Viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to object to certain hearsay testimony, his elicitation of hearsay testimony on cross-examination, or his failure to call a certain witness.  Rather, viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We agree with defendant that County Court erred in allowing a fire marshall to testify regarding six categories of motivation for setting a fire, including revenge and crime concealment.  The People failed to demonstrate that those categories are "generally accepted in the scientific community . . . or that the subject is beyond the ordinary ken of the [trier of fact]" (*People v Avellanet*, 242 AD2d 865, 865, *lv denied* 91 NY2d 868).  We conclude, however, that the error is harmless inasmuch as the evidence of defendant's guilt is overwhelming and there is no significant probability that, absent the error, the court would have acquitted defendant (*see id.; see generally People v Crimmins*, 36 NY2d 230, 241-242).  Defendant's further contention that the fire marshall improperly testified that he eliminated all causes of the fire except the "human element" is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, that contention is without merit (*see generally People v Rivers*, 18 NY3d 222).

As the People correctly concede, however, those parts of the judgment convicting defendant of murder in the second degree under counts three and four of the indictment must be reversed and those counts dismissed because they are inclusory concurrent counts of the two murder in the first degree counts (*see* CPL 300.40 [3] [b]; *People v Pierre*, 37 AD3d 1172, *lv denied* 8 NY3d 989; *see generally People v Miller*, 6 NY3d 295, 300-303).  We therefore modify the judgment accordingly.  In addition, we note that the certificate of conviction incorrectly recites that defendant was convicted of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1), and it must therefore be amended to reflect that he was convicted of that crime under Penal Law § 265.03 (3) (*see People v Saxton*, 32 AD3d 1286).  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court