Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered June 2, 2008, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The *1350 appeal brings up for review the denial, after a hearing (Aloise, J.), of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for the issuance of an amended presentence report, and a sentence and commitment sheet, to provide that the defendant was convicted, under count one of the indictment, of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (1) (b).
On October 15, 2006, at 9:15 p.m., a detective and a police officer, both wearing plain clothes, were patrolling a neighborhood of Jamaica, Queens, in an unmarked vehicle. The area was known for gang activity. At some point during the patrol, the detective and the officer observed the defendant and another man walking down the street. Upon observing the defendant adjusting his right waistband, they stopped their vehicle. They then exited the vehicle, displayed their shields, and identified themselves as police. The defendant ran in the opposite direction. While the defendant was being chased by the detective, he removed a firearm from the right side of his waistband and threw it to the ground. The detective apprehended the defendant and placed him under arrest. The defendant’s attorney moved to suppress the firearm, and the Supreme Court directed a suppression hearing. After conducting the hearing, the Supreme Court denied that branch of the defendant’s omnibus motion which was to suppress the firearm. After a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree.
On the appeal from the judgment of conviction, the defendant argues, inter alia, that he was deprived of the effective assistance of counsel at the suppression hearing. Specifically, the defendant contends that his counsel was ineffective because he failed to make opening and closing arguments at the suppression hearing, suggesting that counsel did not believe there was a basis for suppression. Further, our dissenting colleague notes that the suppression court then erred in making a factual finding that the defendant dropped his weapon before the police chase rather than during the chase itself.
Under the standard recognized in New York, counsel is effective “when the defense attorney provides meaningful representation” (People v Stultz, 2 NY3d 277, 279 [2004] [internal quotation marks omitted]; see People v Henry, 95 NY2d 563, 565 [2000]; People v Baldi, 54 NY2d 137, 146 [1981]). “In reviewing *1351 claims of ineffective assistance!,] care must be taken to ‘avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis’ ” (People v Satterfield, 66 NY2d 796, 798 [1985], quoting People v Baldi, 54 NY2d at 146). While a single error may qualify as ineffective assistance, it may only do so when the error is sufficiently egregious and prejudicial as to compromise a defendant’s right to a fair trial (see People v Caban, 5 NY3d 143, 152 [2005]). Moreover, ineffectiveness claims must be viewed within the context of the fairness of the process as a whole rather than its particular impact on the outcome of the case (see People v Benevento, 91 NY2d 708, 714 [1998]; People v Bodden, 82 AD3d 781, 783 [2011]; People v Georgiou, 38 AD3d 155, 161 [2007]). Standing alone, the waiver of an opening and/or closing statement is not necessarily indicative of ineffective assistance of counsel (see People v Aiken, 45 NY2d 394, 400 [1978]; People v Chapman, 54 AD3d 507, 511 [2008]). Indeed “[fisolated errors in counsel’s representation generally will not rise to the level of ineffectiveness, unless the error is so serious that defendant did not receive a fair trial” (People v Henry, 95 NY2d at 565-566 [internal quotation marks omitted]; see People v Flores, 84 NY2d 184, 188-189 [1994]).
Notwithstanding the absence of an opening or closing statement and the suppression court’s mistaken factual finding as to when the defendant dropped the weapon, we find that the evidence, the law, and the particular circumstances of this case, viewed in totality, reveal that defense counsel provided meaningful representation (see People v Cummings, 16 NY3d 784, 785 [2011], cert denied 565 US —, 132 S Ct 203 [2011]; People v Benevento, 91 NY2d at 712). Defense counsel moved for, and obtained, a suppression hearing. A review of the hearing transcript demonstrates that defense counsel’s cross-examination of the detective was reasonably competent and thorough. In lieu of a closing argument, both the prosecutor and defense counsel relied upon the record.
As the defendant argues, and as the People correctly concede, the defendant’s presentence report and the sentence and commitment sheet incorrectly reflect that the defendant was convicted, under count one of the indictment, of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (2). However, the defendant was convicted under that count pursuant to Penal Law § 265.03 (1) (b). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for the issuance of an amended presentence report and sentence and commitment sheet to properly reflect the crime of which the defendant was convicted under that count.
*1352 The sentence imposed was not excessive (see People v Elhadi, 304 AD2d 982 [2003]; People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. Dillon, J.E, Eng, and Sgroi, JJ., concur.
Miller, J., dissents and votes to remit the matter to the Supreme Court, Queens County, to hear and report on that branch of the defendant’s omnibus motion which was to suppress physical evidence, and to hold the appeal in abeyance in the interim, with the following memorandum: I respectfully dissent.
The defendant was observed by police officers walking down the street, adjusting the waistband of his pants. The police stopped their car and approached the defendant, displaying their shields and identifying themselves as police. The defendant allegedly ran into the backyard of a private residence and, while being pursued by police, discarded a firearm.
The defendant was charged with, inter alia, criminal possession of a weapon in the second degree. His assigned 18-B counsel moved, among other things, to suppress the weapon allegedly recovered by the police on the date of the defendant’s arrest. Assigned counsel submitted an affirmation in support of the motion.
In what can only be described as a mistake, the affidavit consisted of arguments addressed to a different case involving a separate set of facts and distinct legal issues. Assigned counsel stated the following in support of the motion:
“at the time and place of the occurrence, the defendant was seated in an automobile. The police, wholly without probable cause and without consent, approached the automobile and forcibly removed Mr. Clermont. When Mr. Clermont was removed from the car, a gun fell out of the car and onto the ground.
“The police grabbed Mr. Clermont, dragged him along the ground, and placed him in handcuffs . . .
“The firearm that fell from the automobile in which Mr. Clermont was seated was seized without probable cause, in violation of the Fourth Amendment of the United States Constitution, and the Constitution and laws of this State.
“The defense therefore requests that the property seized from Mr. Clermont be suppressed, or in the alternative, that a hearing be granted.”
Assigned counsel also noted that he was “presently unaware of many of the relevant facts necessary to [his] preparation of the defense in this matter” and requested the opportunity to submit a memorandum of law after the suppression hearing.
*1353 The People opposed the defendant’s motion and submitted an affirmation in which they contended that the defendant failed to allege specific facts in his motion papers warranting suppression. The People also advanced legal arguments relevant to the facts of the case.
Prior to the date of the suppression hearing, assigned counsel moved to be relieved as the defendant’s attorney. In his affirmation submitted in support of his application, he stated that his associate had unexpectedly resigned and that he was left with “an overwhelming amount of work.” Assigned counsel affirmed that he did not have “sufficient time and/or resources to competently represent all of [his] . . . cases.”
On the date of the suppression hearing, assigned counsel initially reminded the Supreme Court of his pending application to be relieved as the defendant’s attorney, reiterating his reasons for the application. The Supreme Court asked if he could “do the hearing today and get the case to a trial posture.” Assigned counsel agreed and the suppression hearing was conducted without further inquiry.
Assigned counsel declined the opportunity to make an opening statement. The People presented one police witness who testified about how he came to recover the weapon. He stated that he had approached the defendant after observing him adjust his waistband. When he identified himself as a police officer, the defendant ran into the backyard of a private residence. The police officer, a detective, pursued the defendant. The detective testified that, during the course of the chase, he saw the defendant throw an object that was later recovered and identified as a handgun. Assigned counsel cross-examined the detective. The defendant presented no witnesses.
At the close of the evidence, assigned counsel chose to “rely on the record,” declining the opportunity to make a legal argument or to otherwise make any closing statement. Assigned counsel did not ask for leave to serve a supplemental memorandum as he had requested in his motion papers, and no such memorandum was ever provided. After the prosecutor also elected to rely on the record, and, presumably, the legal argument presented in the opposition papers, the Supreme Court denied that branch of the defendant’s motion which was to suppress the weapon allegedly recovered by the police. The Supreme Court stated that it would issue a written order deciding the motion and then proceeded to grant assigned counsel’s application to be relieved as the defendant’s attorney. Thereafter, the Supreme Court assigned the defendant a new attorney to represent him at the trial.
*1354 In its written order, the Supreme Court’s factual findings deviated materially from the only version of the events related at the hearing. The Supreme Court stated that the defendant dropped the weapon before the chase began even though the People’s sole witness clearly testified that the defendant allegedly threw the weapon after a significant period of police pursuit. The Supreme Court concluded that “[o]nce the detective observed the defendant throw the gun on the ground he was justified in chasing the defendant and subsequently arresting him and recovering the gun.” The Supreme Court was never apprised of its apparent factual error and never asked to reconsider its decision in light of the actual testimony adduced at the suppression hearing.
An “essential ingredient in our system of criminal jurisprudence, rooted deeply in our concept of a fair trial within the adversarial context” (People v Felder, 47 NY2d 287, 295-297 [1979]) is the right to the assistance of counsel guaranteed under both the Federal and State Constitutions (see US Const Amend VI; NY Const, art I, § 6; People v Turner, 5 NY3d 476, 479 [2005]; People v Benevento, 91 NY2d 708, 711 [1998]). Under the federal standard for ineffective assistance of counsel, a defendant must show that his or her attorney’s performance fell below an objective standard of reasonableness, and that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different” (Strickland v Washington, 466 US 668, 694 [1984]). Under the state standard, the constitutional requirements for the effective assistance of counsel “are met when the defense attorney provides meaningful representation” (People v Stultz, 2 NY3d 277, 279 [2004] [internal quotation marks omitted]; see People v Baldi, 54 NY2d 137 [1981]). The state standard has been called “somewhat more favorable to defendants” (People v Turner, 5 NY3d at 480), because its “prejudice component focuses on the fairness of the process as a whole rather than its particular impact on the outcome of the case” (People v Caban, 5 NY3d 143, 156 [2005] [internal quotation marks omitted]; see People v Ozuna, 7 NY3d 913, 915 [2006]; see also Rosario v Ercole, 601 F3d 118, 124-125 [2010], cert denied 563 US —, 131 S Ct 2901 [2011]).
A defendant’s constitutional right to the effective assistance of counsel must be safeguarded “at every stage of a criminal proceeding” (People v Ross, 67 NY2d 321, 324 [1986]; see People v Wardlaw, 6 NY3d 556, 562 [2006, Ciparick, J., dissenting]; People v Cunningham, 49 NY2d 203, 207 [1980]; see also Coleman v Alabama, 399 US 1, 9-10 [1970]). Effective assis *1355 tance of counsel at a suppression hearing is of great significance since the denial of a motion to suppress evidence is “a crucial step in a criminal prosecution” and “it may often spell the difference between conviction or acquittal, for the evidence seized may constitute the principal, if not the only, means of establishing the defendant’s guilt” (People v Lombardi, 18 AD2d 177, 180 [1963], affd 13 NY2d 1014 [1963]; see People v Anderson, 16 NY2d 282, 287 [1965]; People v Jones, 145 AD2d 648, 650 [1988, Lawrence, J., dissenting]).
“[T]he right of a defendant to be represented by an attorney means more than just having a person with a law degree nominally represent him upon a trial and ask questions” (People v Bennett, 29 NY2d 462, 466 [1972]; see People v Medina, 44 NY2d 199, 207 [1978]; People v LaBree, 34 NY2d 257, 260 [1974]; see also Powell v Alabama, 287 US 45, 58 [1932]). “[T]he right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense . . . and who is familiar with, and able to employ . . . basic principles of criminal law and procedure” (People v Droz, 39 NY2d 457, 462 [1976]).
Under no standard of “meaningful representation” was the defendant here provided with the assistance required by either the Federal or State Constitutions. Assigned counsel’s written motion was based on the wrong facts and he admitted that he was unable to adequately prepare. Although counsel acknowledged that the submission of post-hearing arguments was necessary, such submissions were never presented to the hearing court. This failure was all the more significant in light of the written decision of the hearing court, which was based on inexplicable factual findings unquestionably more prejudicial to the defendant than the actual hearing testimony. Although the hearing court’s decision was premised on an incorrect version of the underlying facts, this flawed premise was never questioned, and the defendant’s motion to suppress was never decided on the facts actually adduced at the hearing. Given the circumstances present here, I conclude that the defendant was not provided with “meaningful representation” at the suppression hearing (People v Benevento, 91 NY2d at 712; see People v Johnson, 37 AD3d 363, 364 [2007]; People v Vega, 276 AD2d 414, 414 [2000]).
Contrary to the People’s contention, the shortcomings cited by the defendant cannot be justified by any “strategic or other legitimate explanations” (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Miller, 63 AD3d 1186, 1188 [2009]; People v *1356 Noll, 24 AD3d 688, 688-689 [2005]; People v Miller, 11 AD3d 729, 730 [2004]; People v Winston, 134 AD2d 546, 547 [1987]). Assigned counsel made the decision to seek suppression (cf. People v Garcia, 75 NY2d 973, 974 [1990]; People v Noll, 24 AD3d at 688-689), and there was no advantage to be gained by refraining from advancing any legal position on behalf of his client or by refusing to alert the hearing court to the factual errors in its written decision (see People v Turner, 5 NY3d at 485; People v Georgiou, 38 AD3d 155, 160 [2007]; cf. People v Fisher, 18 NY3d 964 [2012]). Assigned counsel did not choose between applicable legal tactics (cf. People v Quinones, 12 NY3d 116, 121-122 [2009], cert denied 558 US —, 130 S Ct 104 [2009]) or make an isolated error in the midst of otherwise competent representation. Rather, he abdicated his “overarching duty to advocate the defendant’s cause” (Strickland v Washington, 466 US at 688). Inasmuch as “there has been a total failure to present the cause of the accused in any fundamental respect,” I cannot say that the representation the defendant received was effective or meaningful in any sense of those words (People v LaBree, 34 NY2d at 260 [internal quotation marks omitted]; see People v Droz, 39 NY2d at 462).
To say that assigned counsel was justified in his complete failure to advocate his client’s cause because his client had little or no chance of success would be tantamount to a harmless error analysis (cf. People v Wardlaw, 6 NY3d 556 [2006]). Assigned counsel’s overall failure to advocate on his client’s behalf before, during, and after the suppression hearing shows the absence of meaningful adversarial representation (cf. Matter of Jeffrey V., 82 NY2d 121, 126 [1993]). In light of such deficiencies, it is not possible to predict the outcome of the suppression hearing from a review of the record, for, as it has been recognized in another context, review by this Court is no substitute for the single-minded advocacy of counsel (see People v Casiano, 67 NY2d 906, 907 [1986]). Moreover, without meaningful representation, any conclusions drawn from the record are speculative (accord People v Hodge, 53 NY2d 313, 320-321 [1981]; see also People v Wicks, 76 NY2d 128, 132 [1990]; People v Felder, 47 NY2d at 296).
Under the circumstances, including the paramount importance of the admissibility of the weapon to the People’s case (cf. People v Wardlaw, 6 NY3d 556 [2006]), I would remit this matter to the Supreme Court, Queens County, to hear and report on that branch of the defendant’s omnibus motion which was to suppress physical evidence, and hold the appeal in abeyance in the interim (see People v Carracedo, 89 NY2d 1059, 1062 [1997]; *1357 People v Slaughter, 78 NY2d 485, 493 [1991]; People v Johnson, 37 AD3d at 364; People v Jones, 145 AD2d 648, 650 [1988]; People v Speller, 133 AD2d 865 [1987]; cf. People v Noll, 24 AD3d at 688-689).