■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVONE MAJOR, Appellant. [947 NYS2d 110]—

Appeal from judgment, Supreme Court, New York County (Gregory Carro, J.), rendered December 1, 2009, convicting defendant, after a jury trial, of criminal possession of marijuana in the third degree, and sentencing him, as a second drug offender previously convicted of a violent felony, to a term of two years, held in abeyance, and the matter remitted for a suppression hearing. Order, same court and Justice, entered on or about

May 18, 2011, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

The court was correct in summarily denying the CPL 440.10 motion since sufficient facts appear on the record on the direct appeal to permit our review (CPL 440.10 [2] [b]). However, the record on the direct appeal supports defendant's contention that he was deprived of the effective assistance of counsel. The actions of the officers in stopping defendant and seizing the bag he had been carrying were of questionable propriety, and raised a colorable basis for suppression (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Under the circumstances, defense counsel's admitted failure to timely file a suppression motion, or to provide good cause or strategic reasons for such failure, constituted ineffective assistance (*see People v Vega*, 276 AD2d 414, 414 [2000]; *People v Ferguson*, 114 AD2d 226, 230 [1986]). Accordingly, we hold the appeal in abeyance and remand the matter for a suppression hearing (*id.*). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.