■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER S. STARR, Appellant. [980 NYS2d 161]—

Appeals by the defendant from (1) a judgment of the County Court, Orange County (Rosenwasser, J.), rendered December 12, 2003, convicting him of criminal sexual act in the first degree, sexual abuse in the first degree (two counts), and assault in the third degree under indictment No. 02-00920, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court also rendered December 12, 2003, convicting him of criminal solicitation in the second degree under indictment No. 03-00209, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

In order to prevail on a claim of ineffective assistance of counsel, the defendant must show that he was denied meaningful representation under the facts of the case (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Baldi*, 54 NY2d 137, 146 [1981]; *People v Wicker*, 229 AD2d 602 [1996]; *People v Sul-*

*livan*, 153 AD2d 223 [1990]). The defendant must also demonstrate the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct (*see People v Rivera*, 71 NY2d at 709; *People v Windley*, 70 AD3d 1060, 1061 [2010]; *People v Wolz*, 300 AD2d 606 [2002]).

Here, defense counsel conducted reasonably competent and thorough cross-examination of witnesses (*see People v Clermont*, 95 AD3d 1349, 1351 [2012]). While the defendant claims that his counsel failed to call certain witnesses or failed to adequately prepare witnesses for trial, the proposed testimony of those witnesses would have been collateral or cumulative (*see People v Townsend*, 100 AD3d 1029 [2012]; *People v Howard*, 92 AD3d 1219, 1220 [2012]; *People v Brighthart*, 265 AD2d 189 [1999]). Based on the circumstances of this case, the defendant has not demonstrated that he was deprived of meaningful representation (*see People v Aiken*, 45 NY2d 394, 400 [1978]; *People v Howard*, 92 AD3d 1219 [2012]; *People v Clermont*, 95 AD3d at 1350).

In addition, there was no basis for defense counsel to request, or the trial court to order, a competency hearing pursuant to CPL 730.30 (*see People v Morgan*, 87 NY2d 878 [1995]; *People v Keiser*, 100 AD3d 927 [2012]; *People v Trent*, 74 AD3d 1370 [2010]).

The defendant raised no objection at trial to the admission into evidence of a tape recording between himself and a jailhouse informant. In any event, the recording was properly admitted into evidence through the foundation established by the testimony of a police detective who had listened to the conversation on a receiver at the time it was being recorded, and testified to its accuracy (*see People v Ely*, 68 NY2d 520, 527 [1986]).

The imposition of consecutive sentences was proper, as the defendant committed multiple offenses through separate and distinct acts (*see* Penal Law § 70.25 [2]; *People v Battles*, 16 NY3d 54, 57-58 [2010]; *People v Ramirez*, 89 NY2d 444, 451 [1996]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Simmons*, 93 AD3d 739 [2012]; *People v Rodriguez*, 49 AD3d 433, 435 [2008]; *People v Wynn*, 35 AD3d 283, 284 [2006]). The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.