People v Nadler (2018 NY Slip Op 06036)





People v Nadler


2018 NY Slip Op 06036


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-10916
 (Ind. No. 2959/14)

[*1]The People of the State of New York, respondent,
v
Adam Nadler, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (James P. Sullivan, J.), rendered October 13, 2015, convicting him of assault in the second degree and menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with various crimes after an incident during which he attacked two delicatessen employees.
During pretrial proceedings, the defendant had several outbursts in the courtroom, and reportedly challenged a police sergeant to a fight and screamed at the prosecutor on the street outside the courthouse. Defense counsel moved for an examination pursuant to CPL 730.30. The Supreme Court denied this request, finding the defendant fit to proceed to trial.
During jury selection, the defendant requested that he be allowed to proceed pro se. The Supreme Court conducted an extensive colloquy concerning the defendant's education, employment history, criminal record, and experience with the court system. The court granted the defendant's request. The defendant proceeded pro se for the rest of jury selection and the trial, with his former counsel present as a legal advisor. After the jury trial, the defendant was convicted of assault in the second degree and menacing in the second degree.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see Penal Law §§ 120.05[2]; 120.14[1]; People v Romero, 7 NY3d 633).
A defendant is presumed competent and fit to stand trial, and is not entitled, as a matter of right, to have the question of capacity to stand trial passed upon unless the trial court is satisfied from the available information that a proper basis exists for questioning the defendant's [*2]sanity (see People v Morgan, 87 NY2d 878; People v Starr, 114 AD3d 813, 814; People v Keiser, 100 AD3d 927, 928; People v Allen, 285 AD2d 470, 471; People v Lucci, 250 AD2d 780). The court must issue an order of examination "when it is of the opinion that the defendant may be an incapacitated person . . . who as a result of mental disease or defect lacks capacity to understand the proceedings about him or to assist in his own defense" (CPL 730.30[1]; 730.10[1]; see People v Minckler, 149 AD3d 1526, 1527; People v Heston, 72 AD3d 701; People v Galea, 54 AD3d 686, 687; People v Harris, 109 AD2d 351, 352). The record supports the Supreme Court's denial of defense counsel's request that the defendant be examined pursuant to CPL 730.30. The record shows that the defendant was able to communicate, understand, remember, and refer to his discussions with defense counsel, all of which are relevant in considering whether a CPL 730.30 exam is warranted (see People v Starr, 114 AD3d at 814; People v Trent, 74 AD3d 1370, 1371; People v Lucci, 250 AD2d 780; People v Picozzi, 106 AD2d 413). Moreover, the court providently exercised its discretion in allowing the defendant to proceed pro se without conducting such an examination, since there was no evidence of any severe mental illness that rendered the defendant incapable of intelligently and voluntarily waiving his right to counsel and representing himself (see People v Paulin, 140 AD3d 985, 987).
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court